(18 Misc. Rep. 38)

KENNEDY v. CARRICK et al.

(Supreme Court, Appellate Term, First Department. September 28, 1896.)

1. ATTORNEY'S LIEN—WHO ENTITLED TO.
Under Code Civ. Proc. § 66, giving a lien to the attorney "who appears for a party," one who is employed by the attorney retained by plaintiff to try the case is not entitled to a lien.

2. SUPPLEMENTARY PROCEEDING—CONFLICTING CLAIM.
In supplementary proceedings, no decision can be made as between conflicting claimants of the property involved.

Appeal from city court of New York, general term.

Action by John A. Kennedy, as assignee of John B. Manning, against Robert A. Carrick and another. From an order vacating an order in supplementary proceedings permitting Alexander Wiley to pay to the sheriff on plaintiff's execution the sum of $201.85, the amount of his indebtedness to defendant Robert A. Carrick on a judgment recovered by Carrick against him, and directing plaintiff to repay to Oswald N. Jacoby, as assignee of the said judgment, the sum of $191.78, received by plaintiff from the sheriff, plaintiff appeals. Modified.

Argued before DALY, P. J., and McADAM and BISCHOFF, JJ.

Denis Quinn and J. Woolsey Shepard, for appellant.

Oswald N. Jacoby, in pro. per.

DALY, P. J. The city court made an order in supplementary proceedings against Wiley, a third party, who was indebted to the judgment debtor, Carrick, in the amount of a judgment which the latter had obtained against him, by which order Wiley was permitted to pay the amount to the sheriff, to be credited upon the execution issued by the plaintiff, the judgment creditor in this action. Payment was made by Wiley accordingly, and the sheriff turned over to the plaintiff $191.78 out of it. Subsequent to such payment, Mr. Jacoby, an attorney and counselor at law, applied to the court to vacate the order, and to direct the plaintiff to pay over to him the amount so received, on the ground that he became entitled thereto by virtue of an assignment of Carrick's interest in the suit in which the judgment against Wiley was subsequently recovered. The motion was granted, and an order made vacating the original

order permitting Wiley to pay to the sheriff, and requiring this plaintiff and his attorney to repay the amount received by them to Jacoby. On appeal to the general term of the city court, the order was modified, in so far as it required the attorney to personally repay the money, and affirmed in all other respects. From such affirmance the plaintiff appeals.

By virtue of section 2446 of the Code of Civil Procedure, the payment by Wiley under the order permitting him to pay to the sheriff the amount of his indebtedness to Carrick was a discharge of his indebtedness, except as against a transferee from Carrick in good faith and for a valuable consideration, of whose rights he had actual or constructive notice when he made the payment. Wiley had no notice, actual or constructive, of the transfer to Jacoby, for the latter gave him no notice of the assignment, and Jacoby was not the attorney of Carrick, and not entitled to the benefit of the rule that the lien of an attorney prevails over the rights of a judgment creditor, even in the absence of notice of his lien. Dienst v. McCaffrey (Com. Pl.) 32 N. Y. Supp. 818. By section 66 of the Code, the attorney's lien is given only to the attorney who appears for a party. Jacoby was retained as counsel by Mr. Skelly, the attorney of Carrick, to try the action against Wiley. He was then in the employ of Kurzman & Frankenheimer, who had been attorneys for Carrick in another matter, and he took the assignment under an agreement to pay them a claim they had for fees out of whatever might be recovered from Wiley. Skelly, and not Jacoby, was therefore the attorney of Carrick, and it was a lien in Skelly's favor, only, of which Wiley had constructive notice. Not having actual nor constructive notice of Jacoby's claim or assignment, Wiley was discharged by the payment of his indebtedness to the sheriff under the order and by the provisions of the Code, and after such payment the order could not be vacated as to him.

It is claimed, however, that it might be vacated as to the plaintiff in the execution, to whom the sheriff paid the money. In case of collusion, bad faith, imposition upon the court, or for any reason that seemed substantial, the court which made the original order has the power to set it aside, so that it shall not obstruct the right of a third party who has a just claim to the fund, and whose right would be jeopardized by the order if permitted to remain in force. But the order appealed from goes further, and directs the plaintiff to repay the money, not to the sheriff, nor into court, but to a stranger claiming under an assignment. This, it would seem, exceeded the powers of the court under any provision of the Code relating to supplementary proceedings. There is no authority given by the Code to order payment to any person. The order authorized by section 2446, by which a third party may pay to the sheriff, is permissive merely, and there is no jurisdiction in supplementary proceedings to decide as between opposing claimants. When the money has been paid over by the sheriff to the execution creditor, the right of the latter to retain it as against one claiming as prior assignee cannot be summarily disposed of. The plaintiff had the right of a vigilant creditor, who secured a lien upon the amount

due from the third party by the service of his order (Lynch v. Johnson, 48 N. Y. 27); and, if such right is contested by the assignee, it must be in a proper action, in which the bona fides of the assignment, or the amount actually collectible thereunder, can be determined after a trial. The plaintiff might be directed to pay the money into court, to preserve it for the party entitled thereto, but a summary determination of title cannot be made upon motion.

The right of Mr. Skelly, the attorney of Carrick in the action against Wiley, to proceed against the latter for the enforcement of his lien, I do not touch upon, as this appeal involves no right except that of Mr. Jacoby under his assignment. Mr. Skelly's lien is unaffected by the payment made without his knowledge. Dienst v. McCaffrey, supra.

The order appealed from should be modified by striking therefrom the provision that the plaintiff repay to Oswald N. Jacoby the sum of $191.78, the amount paid the plaintiff's attorney by the sheriff, and affirmed as to the residue. No costs of this appeal to either party. All concur.