(42 App. Div. 134.)

### In re CATTUS et al.

(Supreme Court, Appellate Division, First Department. June 30, 1899.)

ACCOUNTING—ADVANCEMENTS BY ONE ATTORNEY TO ANOTHER.

　　An attorney for a trustee under a trust deed, in a proceeding for an accounting by the trustee, having paid to an attorney for a person interested in the accounting a sum of money exacted by him as a condition for the return of the trustee's bond, is not entitled to an order in the proceeding requiring the latter attorney to repay such sum.

Appeal from special term, New York county.

Proceeding for an accounting and discharge by Emma E. Cattus and another, substituted trustees under a deed of trust. From an

order requiring John E. Ellison, an attorney, to pay to another attorney a sum which the former had exacted of the latter as a condition for the return of a bond, the former appeals.   Reversed.

Argued before VAN BRUNT, P. J., and McLAUGHLIN, PATTERSON, O'BRIEN, and INGRAHAM, JJ.

G. M. Van Hoesen, for appellant.

T. B. Odell, for respondent.

VAN BRUNT, P. J.   This proceeding was commenced for an accounting and discharge of the substituted trustees, Emma E. Cattus and Aymar Embury, under a deed of trust executed by one Augustus Embury on the 11th of May, 1874.   On the 15th of July, 1898, a decree was entered settling the account of the trustees, and providing for the distribution of the estate, and for the cancellation of the bond upon compliance with the terms of the decree.   Thereafter, said trustees having claimed to have made a distribution of the trust estate as directed by the decree, their attorneys drew an order discharging and releasing them from any and all liability up to and including the matters involved in the accounting, and asking for the cancellation of the former bond, and on the 18th of November, 1898, sent the same to one John E. Ellison, who had appeared as attorney for one of the parties interested in the accounting, for the purpose of having indorsed thereon his consent as such attorney to its entry, and at the same time sent, at the request of Ellison, a new bond for $50,000, that he might see the same before it was filed.   Ellison upon the same day telephoned to said attorney that he had received and had possession of said papers, and that he would not redeliver the same unless he were paid $25, or a stipulation were made that he should receive that amount in cash for his services.   One of the attorneys immediately went to the office of Mr. Ellison, and demanded of him the return of the bond, which he refused, except upon condition that he should receive the sum of $25.   The attorney stated to Mr. Ellison that he regarded himself as personally responsible for the bond, and would pay him $25 out of his own pocket to regain possession of the bond.   He thereupon paid Ellison $25, stating that he paid the money individually, and Ellison handed to said attorney the said bond.   This motion was thereupon made in this proceeding to compel Mr. Ellison to repay the said $25, which motion was granted, and from the order thereupon entered this appeal is taken.

We utterly fail to see how such relief can be granted in this proceeding.   There was no relation of attorney and client existing between Mr. Ellison and Mr. Force Parker, nor was Ellison the attorney for the substituted trustees.   No rights of a client were being attempted to be enforced.   It was simply—if the claim of the moving party is correct—a wrongful obtaining of money by one attorney from another.   Whatever wrongs may have been committed against the moving party must be redressed in the usual forum.

The order should be reversed, with $10 costs and disbursements, and the motion denied.   All concur.