ELIZA TAYLOR, as Administratrix, etc., of ISAAC SHERWOOD TAYLOR, Deceased, Plaintiff, *v.* THE LONG ISLAND RAILROAD COMPANY and THE NEW YORK AND BROOKLYN BREWING COMPANY, Defendants. JAMES C. BUSHBY, Appellant; EZRA A. TUTTLE, Respondent.

*Costs — an attorney receiving them from a partner who is afterwards obliged to pay them to his client will not be ordered to repay them on a summary application.*

An attorney who, having prosecuted an action to judgment, under a contract by which he was to have a percentage of the "amount recovered," and having retained the costs under the impression that he was entitled to do so, divided them with several other attorneys with whom he had entered into a *quasi* partnership, and was subsequently, by order of the court, compelled to pay the entire amount of such costs to his client.

*Held,* that he was not entitled, upon a summary application, to an order of the court requiring one of the latter attorneys to pay over to him the portion of the costs which such attorney had received.

APPEAL by James C. Bushby from so much of an order of the Supreme Court, made at the Kings County Special Term and entered in the office of the clerk of the county of Kings on the 25th day of November, 1898, as orders and directs the said James C. Bushby to pay to Ezra A. Tuttle the sum of eighty-three dollars and forty-eight cents.

*L. M. Berkeley* [*James C. Bushby* with him on the brief], for the appellant.

*Ezra A. Tuttle,* for the respondent.

PER CURIAM:

The rule is so well established in this State that "summary proceedings of this character are not sustained, except upon clear proof that the relation of attorney at law and client existed, and that an attorney at law had received the money or the property of a client while acting in this professional capacity, and had failed to account for it to the client" (*Matter of Hillebrandt,* 33 App. Div. 191. See, also, *Matter of Haskin,* 18 Hun, 42; *Matter of Sardy,* 47 N. Y. St. Repr. 308), that it does not seem to be necessary to enter into any extended discussion of this matter. The admitted facts are that the plaintiff in this action recovered a judgment against the defend-

ants, with certain costs. She had entered into a contract with her attorney, Ezra A. Tuttle, by which she agreed to pay "said attorney for his services 30 per cent of the amount recovered." Tuttle had previously entered into a *quasi* partnership or understanding with James C. Bushby, the appellant, Arthur T. Stoutenburgh and Levi W. Naylor, under which arrangement the four were to divide the fees of the matters which they should litigate, and Tuttle was to appear as the attorney of record. On collecting the judgment for the plaintiff Tuttle retained the costs, believing that they belonged to him, and these were divided equally between the four persons named. Subsequently the plaintiff, through her attorney, made a motion at the Special Term to compel Tuttle to pay over these costs to her, and, upon the motion being argued, an order was made directing Tuttle to turn over the sum of $333.90. This order was complied with, Stoutenburgh and Naylor contributing their share of the fund to Tuttle. In the meantime Bushby had become a judgment creditor of Tuttle in the sum of $330, and he offered to credit Tuttle with $83.48, his portion of the fund which Tuttle was ordered to pay over; but Tuttle was not satisfied with this arrangement and made a motion at the Special Term to compel Bushby to pay over the $83.48 in cash. Objection was made to the jurisdiction of the court to make such an order, but the court ignored the objection, and Bushby was directed to pay over the sum in cash.

It seems clear to us that the court below has erred in granting this order; that the facts stated show merely the relation of debtor and creditor between Bushby and Tuttle, in nowise connected with the affairs of a client. As was said in *Matter of Haskin* (*supra*) "It is not every debt due from a lawyer that can be collected by order of the court. Attorneys have the same right to have their liabilities established in the ordinary channels of the law as other persons, except where the claim is for money received for their clients. In such cases the courts deal with them as their own officers, and compel a proper discharge of the duties they owe to their clients." (See *Bowen* v. *Smidt*, 49 N. Y. St. Repr. 647.) "It is because of the relations existing between attorneys and clients," say the court in *Matter of Schell* (58 Hun, 440), "that the client is allowed to pursue this extraordinary remedy, and it is because it is the duty of the court to see that the attorney acts with fidelity, as

well to the court as to the client, that it assumes this jurisdiction." (See, also, *Stout* v. *Smith,* 98 N. Y. 25.)

The order appealed from should be reversed, with costs, and the motion should be denied, with costs.

All concurred.

Order reversed, with ten dollars costs and disbursements, and motion denied.