In the Matter of the Application of DAILEY, BELL & CRANE, Attorneys, Respondents, to Procure an Order against JOHN M. WELLBROCK, an Attorney, Appellant.

*Claim by a counsel for reimbursement for disbursements — not enforcible against the attorney by a summary application on motion — the counsel has no lien therefor.*

An attorney of record for the plaintiff in an action to recover damages for personal injuries, who was to receive twenty-five per cent of the recovery, employed another attorney to act as counsel in the case, and engaged to pay him fifteen per cent of the recovery from his own allowance.

The action was thereafter settled and the attorney paid the counsel the agreed fifteen per cent of the amount received on the settlement, retained for himself ten per cent, and, as claimed by him, paid over the balance to his client.

Thereafter the counsel presented a bill of $693.20 for disbursements claimed to have been made by him at the request of the attorney of record. The plaintiff, who had executed an agreement which provided that if the attorney or counsel should advance money to defray the expenses of the suit, the amount "so advanced and disbursed, or contracted to be for the purpose aforesaid, shall and may be deducted from my share of the recovery herein," paid a portion of such bill and demanded more specific items for some part, and repudiated the rest of the balance thereof, amounting to $308.63.

The counsel then made a summary application to compel the attorney of record to pay to him the amount in dispute and to restrain the attorney from paying that sum to the client.

Upon an appeal taken by the attorney of record from an order appointing a referee to take proof of the facts, it was

*Held,* that the order should be reversed;

That, in the absence of evidence of a want of good faith on the part of the attorney of record, or of proof that he had not paid over to his client the latter's

share of the recovery, or that the client was not able to pay to the counsel whatever might be due and owing to him, the court would not exercise its summary jurisdiction to discipline the attorney for misconduct;

That the counsel had no lien which could be enforced by motion, but should seek his remedy in the usual forums.

APPEAL by John M. Wellbrock, an attorney for the plaintiff in an action in the Supreme Court, from an order of the Supreme Court, made at the Queens County Special Term and entered in the office of the clerk of the county of Kings on the 17th day of June, 1901, appointing a referee to take proof of the facts upon a summary application by Abram H. Dailey, as counsel in said action, to compel repayment of disbursements made therein.

*J. Arthur Hilton* [*Albert Ottinger* with him on the brief], for the appellant.

*James D. Bell,* for the respondents.

HIRSCHBERG, J.:

The appellant was the attorney of record for the plaintiff in an action brought to recover damages occasioned by negligence. He was to receive twenty-five per cent of the recovery. He employed the respondent Abram H. Dailey to act as counsel in the case, and engaged to pay him fifteen per cent of the recovery from his own allowance. The case was twice tried, the first jury disagreeing, and the verdict of the second being set aside. On appeal, the controversy was thereafter compromised, and the sum of $21,250 was paid to the attorney in settlement. He paid the counsel the agreed fifteen per cent, retained his own ten per cent, and claims to have paid over the balance to his client.

But there is an unsettled account due the counsel for disbursements. He says that by agreement it was arranged that he should advance to the attorney from time to time the necessary funds with which to carry on the litigation, and that the plaintiff agreed with the attorney that the amounts so advanced should be deducted from the recovery. It does not appear that any such advancements were ever made to the attorney, but the counsel claims to have paid out in legitimate disbursements, at the request of the attorney, the sum of $693.20. The plaintiff, however, executed a written agreement in relation to the subject of the disbursements. It is entitled in the

action, and provides that if the attorney or "his counsel," or both, shall advance the necessary money to defray the disbursements incident to the conduct of the suit, the amount, to quote the precise language of the agreement, "so advanced and disbursed or contracted to be for the purpose aforesaid, shall and may be deducted from my share of the recovery herein." The attorney asserts that he made no agreement whatever with the counsel rendering him personally liable to pay the disbursements in question, and it is apparent from the statement of the case, even as made by the counsel, that such obligation would only arise, if at all, in the event that advancements were made directly to the attorney.

Under instructions from the plaintiff the attorney informed the counsel in writing that the bill was disputed in part at least. The sum of $384.57 was allowed and paid. Of the balance, viz., $308.63, the plaintiff required more specific items to be furnished with vouchers, as to about two-thirds of the amount, before he would pay the same, and the remaining one-third he repudiated altogether as not within the scope of the agreement. The counsel has procured an order of reference to take proof of the facts upon a summary application by him to compel the attorney to pay to him the disputed sum of $308.63, and for an injunction restraining the attorney from paying that sum to his client.

In determining the appeal taken from this order it is to be noted that the order is for informatory purposes only and not final, and it should not, therefore, be reversed unless this court reaches the conclusion that the relief sought cannot be granted in this proceeding. I do not see how such conclusion can be avoided. There is nothing to indicate a want of good faith on the appellant's part, or that he has not paid over to his client the seventy-five per cent of the recovery, which he was bound to do, or that his client is not able and willing to pay to the counsel whatever may be due and owing when the account is ascertained and adjusted. Under such circumstances, there is no ground for the suggestion made by the learned counsel for the respondent that the court should exercise summary jurisdiction in disciplining the attorney for misconduct.

Nor can there be said to be a lien as claimed by the respondent which can be enforced by motion. While the relation between the two lawyers may be in many respects analogous to that of attorney

and client, there is no provision in the law for the creation of a lien, even assuming that there was anything to which such a lien could attach. In *Brown* v. *Mayor* (9 Hun, 587) the former General Term in the first department held that where counsel are employed to assist in the trial of an action they have no lien upon a judgment recovered therein for services, and that the compensation to be recovered by them cannot be fixed upon a summary application, in the action, but must be established in the form prescribed by law for the recovery of debts. I can see no distinction in principle between compensation for services and for the financial aid furnished, so far as the question of a lien is concerned. In *Taylor* v. *Long Island R. R. Co.* (38 App. Div. 595) this court held that one attorney was not entitled upon a summary application to compel the payment to him by another attorney of a portion of the costs received in an action. In *Matter of Cattus* (42 App. Div. 134) the Appellate Division in the first department held that the relation of attorney and client did not exist between two attorneys engaged in an accounting proceeding so as to justify a summary application to compel the refunding of money. VAN BRUNT, P. J., writing for the court, said (p. 135): "No rights of a client were being attempted to be enforced. It was simply, if the claim of the moving party is correct, a wrongful obtaining of money by one attorney from another. Whatever wrongs may have been committed against the moving party must be redressed in the usual forum." And in *Kennedy* v. *Carrick* (18 Misc. Rep. 38) the Appellate Term decided that no lien existed under section 66 of the Code of Civil Procedure in favor of counsel, but that the attorney of record was alone entitled.

The order should be reversed, and the respondent remitted to his remedy at law.

GOODRICH, P. J., BARTLETT, JENKS and SEWELL, JJ., concurred.

Ordered reversed and proceedings dismissed, with ten dollars costs and disbursements.