In re DAILEY et al.

(Supreme Court, Appellate Division, Second Department. November 15, 1901.)

1. ATTORNEY AND CLIENT — COUNSEL — DISBURSEMENTS—RECOVERY—SUMMARY PROCEEDINGS.

Where a written agreement was made in an action between the plaintiff, his counsel, and his attorney that any sums paid out for expenses by such counsel or attorney or both might be deducted from plaintiff's share of the recovery, and the amount recovered was paid to the attorney, who in good faith paid to plaintiff his share of the recovery, and to counsel his agreed counsel fee, summary proceedings will not lie to compel the attorney to pay to the counsel items of disbursements which

are disputed by the plaintiff, in the absence of any showing that the plaintiff was not able and willing to pay any items shown to be proper.

**2. SAME—COUNSEL—JUDGMENT—LIEN.**

Counsel in an action has no lien on the judgment for disbursements.

Appeal from special term, Kings county.

Summary application by Abram H. Dailey and others to compel John M. Wellbrock, an attorney, to pay over money. From an order of the special term of the supreme court appointing a referee to report the facts with his opinion, John M. Wellbrock appeals. Reversed.

Argued before GOODRICH, P. J., and BARTLETT, HIRSCHBERG, JENKS, and SEWELL, JJ.

J. Arthur Hilton (Albert Ottinger, on the brief), for appellant.
James D. Bell, for respondent.

HIRSCHBERG, J.   The appellant was the attorney of record for the plaintiff in an action brought to recover damages occasioned by negligence.  He was to receive 25 per cent. of the recovery.  He employed the respondent to act as counsel in the case, and engaged to pay him 15 per cent. of the recovery from his own allowance.   The case was twice tried, the first jury disagreeing, and the verdict of the second being set aside.  On appeal the controversy was thereafter compromised, and the sum of $21,250 was paid to the attorney in settlement.  He paid the counsel the agreed 15 per cent., retained his own 10 per cent. and claims to have paid over the balance to his client.  But there is an unsettled account due the counsel for disbursements.  He says that by agreement it was arranged that he should advance to the attorney from time to time the necessary funds with which to carry on the litigation, and that the plaintiff agreed with the attorney that the amounts so advanced should be deducted from the recovery. ·  It does not appear that any such advancements were ever made to the attorney, but the counsel claims to have paid out in legitimate disbursements, at the request of the attorney, the sum of $693.20.  The plaintiff, however, executed a written agreement in relation to the subject of the disbursements.  It is entitled in the action, and provides that, if the attorney or "his counsel" or both shall advance the necessary money to defray the disbursements incident to the conduct of the suit, the amount—to quote the precise language of the agreement—"so advanced and disbursed or contracted to be for the purpose aforesaid shall and may be deducted from my share of the recovery herein."  The attorney asserts that he made no agreement whatever with the counsel rendering him personally liable to pay the disbursements in question, and it is apparent from the statement of the case, even as made by the counsel, that such obligation would only arise, if at all, in the event that advancements were made directly to the attorney.  Under instructions from the plaintiff, the attorney informed the counsel in writing that the bill was disputed, in part at least.  The sum of $384.57 was allowed and paid.  Of the balance, viz. $308.63, the plaintiff required

more specific items to be furnished, with vouchers, as to about two-thirds of the amount, before he would pay the same; and the remaining one-third he repudiated altogether, as not within the scope of the agreement. The counsel has procured an order of reference to take proof of the facts upon a summary application by him to compel the attorney to pay to him the disputed sum of $308.63, and for an injunction restraining the attorney from paying that sum to his client.

In determining the appeal taken from this order it is to be noted that the order is for informatory purposes only, and not final, and it should not, therefore, be reversed unless this court reaches the conclusion that the relief sought cannot be granted in this proceeding. I do not see how such conclusion can be avoided. There is nothing to indicate a want of good faith on the appellant's part, or that he has not paid over to his client the 75 per cent. of the recovery, which he was bound to do, or that his client is not able and willing to pay to the counsel whatever may be due and owing when the account is ascertained and adjusted. Under such circumstances there is no ground for the suggestion made by the learned counsel for the respondent that the court should exercise summary jurisdiction in disciplining the attorney for misconduct.

Nor can there be said to be a lien, as claimed by the respondent, which can be enforced by motion. While the relation between the two lawyers may be in many respects analogous to that of attorney and client, there is no provision in the law for the creation of a lien, even assuming that there was anything to which such a lien could attach. In Brown v. Mayor, etc., of City of New York, 9 Hun, 587, the former general term in the First department held that, where counsel are employed to assist in the trial of an action, they have no lien upon a judgment recovered therein for services, and that the compensation to be recovered by them cannot be fixed upon a summary application in the action, but must be established in the forms prescribed by law for the recovery of debts. I can see no distinction in principle between compensation for services and for the financial aid furnished, so far as the question of a lien is concerned. In Taylor v. Railroad Co., 38 App. Div. 595, 56 N. Y. Supp. 665, this court held that one attorney was not entitled upon a summary application to compel the payment to him by another attorney of a portion of the costs received in an action. In Re Cattus, 42 App. Div. 134, 59 N. Y. Supp. 55, the appellate division in the First department held that the relation of attorney and client did not exist between two attorneys engaged in an accounting proceeding, so as to justify a summary application to compel the refunding of money. Van Brunt, P. J., writing for the court, said page 135, 42 App. Div., and page 56, 59 N. Y. Supp.:

"No rights of a client were being attempted to be enforced. It was simply, if the claim of the moving party is correct, a wrongful obtaining of money by one attorney from another. Whatever wrongs may have been committed against the moving party must be redressed in the usual forum."

And in Kennedy v. Carrick, 18 Misc. Rep. 38, 40 N. Y. Supp. 1127, the appellate term decided that no lien existed under section 66 of the

Code of Civil Procedure in favor of counsel, but that the attorney of record was alone entitled. The order should be reversed, and the respondent remitted to his remedy at law.

Order reversed, and proceedings dismissed, with $10 costs and disbursements. All concur.