## In re ROBINSON.

(Supreme Court, Appellate Division, First Department. April 10, 1908.)

ATTORNEY AND CLIENT—LIEN OF ATTORNEY.

> Where, on the accounting by an administratrix, the next of kin of intestate seek to charge her with certain property of her own, claiming that it was the property of intestate, her husband, an attorney, who appears for her and defeats such claim, has no lien for his services, under Code Civ. Proc. § 66, giving an attorney a lien on "his client's cause of action, claim or counterclaim"; she having none involved in the proceeding.

> Scott and Clarke, JJ., dissenting.

Appeal from Special Term.

In the matter of the application of Seth B. Robinson to enforce an attorney's lien. From an order determining his lien, Henriette Muller appeals. Reversed and dismissed.

Argued before I N G R A H A M, McLAUGHLIN, LAUGHLIN, CLARKE, and SCOTT, JJ.

Charles A. Brodek, for appellant.
Charles De Hart Brower, for respondent.

INGRAHAM, J. I do not think that the appellant's property ever became subject to a lien in favor of the respondent which he could enforce under section 66 of the Code of Civil Procedure. That section provides that:

"From the commencement of an action or special proceeding, or the service of an answer containing a counterclaim, the attorney who appears for a party has a lien upon his client's cause of action, claim or counterclaim, which attaches to a verdict, report, decision, judgment or final order in his client's favor, and the proceeds thereof in whosoever hands they may come."

In the proceedings in the Surrogate's Court letters of administration upon the estate of the appellant's husband were granted. The appellant was entitled to administer the estate, applied for and obtained letters of administration thereon, filed her inventory, and resisted a motion to remove her as administratrix. The respondent appeared for her in these proceedings, succeeded in defeating the claim of the intestate's next of kin, and for those services he rendered his bill and was paid. Subsequently, upon the accounting, the next of kin sought to charge as against the administratrix certain property that belonged to her, which it was claimed was the property of the husband and should be accounted for. In that proceeding the respondent appeared for the appellant and defeated the claim of the intestate's next of kin; but that was a claim against the appellant, not one in her favor which was enforced in the proceeding in the Surrogate's Court and in which the appellant was represented by the respondent. Section 66 of the Code of Civil Procedure gives a lien upon "his client's cause of action, claim or counterclaim"; but the appellant had no cause of action, claim, or counterclaim involved in the proceeding in the Surrogate's Court. The next of kin of her intestate asserted the claim, which was defeated. After the final order the lien attaches to "a verdict, report, decision, judgment or final order in his client's favor, and the proceeds thereof in whosoever hands they may come"; but here there was no cause of action, claim, or counterclaim which was sought to be enforced in the proceeding in which the respondent represented the appellant. All that could be subject to a lien of the respondent was the estate of the decedent which was the subject of the controversy before the surrogate, and the property that belonged to the appellant and was in her possession was neither involved in a cause of action nor a claim of the appellant, nor in the proceeds of the final order.

I think, therefore, this order should be reversed and the proceeding dismissed, with $10 costs and disbursements, without prejudice, how-

ever, to any action that the attorney may bring against his client for the services rendered to her.

McLAUGHLIN and LAUGHLIN, JJ., concur.

SCOTT, J. (dissenting). This is an appeal from a final order determining an attorney's lien and directing its satisfaction. The order appointing a referee in the same proceeding is also brought up for review. Henriette Muller, the appellant, is the widow of Gustave A. Muller, who died intestate, without issue, and leaving only collateral relatives. At the time of his death he resided with his wife at No. 108 East Twenty-Ninth Street, where was carried on a dressmaking business under the trade name of "Henriette." He apparently left personal effects to a considerable amount, consisting of bank accounts in his name, and stocks and bonds. The appellant claimed that all of this property, although ostensibly belonging to her husband, in reality was the proceeds of her labor, and belonged to her individually. The next of kin, of course, claimed that the property belonged to her husband, as it apparently did. The problem was how to secure the property to plaintiff. The depositories of the property declined to give it up except to an administrator. The appellant, therefore, had herself appointed administratrix upon giving a nominal bond of a surety company. Her petition for her appointment recited that the assets of the estate were nominal. She collected the assets and deposited them with her surety the American Surety Company. The next of kin were notified of what had been done, and of the extent of the assets collected. Thereupon they began proceedings to have appellant removed as administratrix. This motion was denied by the surrogate upon condition that a larger bond be given, which was accordingly done, and upon appeal this order was affirmed. The same surety gave the additional bond upon an agreement that the assets should remain in its custody until the question of ownership should be determined. The appellant, assuming that the property was her own, and had never been her husband's, filed an account showing that there was no property belonging to the estate, except a small sum which under the statute she was entitled to have set off to herself as widow. To this account objections were filed by the next of kin, and the real controversy over the ownership of the property begun, and was carried on in the Surrogate's Court resulting in a decree passing the accounts, and finally determining the question of title in appellant's favor. Her attorney then began this proceeding under section 66, Code Civ. Proc., for the ascertainment and enforcement of his lien.

It is urged that, strictly speaking, no lien can attach to these assets because the services for which payment is now sought were rendered not in establishing, but in defending appellant's title. The bulk, if not all, of the sum claimed, is for services rendered after Mrs. Muller had obtained possession of the assets, and which were directed towards defending her right to retain them. Section 66 of the Code provides that:

"From the commencement of an action or special proceeding, or the service of an answer containing a counterclaim, the attorney who appears for a party has a lien upon his client's cause of action, claim or counterclaim which at-

taches to a verdict, report, decision, judgment or final order in his client's favor and the proceeds thereof in whosesoever hands they may come. * * * The court upon petition of the client or attorney may determine and enforce the lien."

This section undoubtedly contemplates that the subject to which a lien attaches must be something which the client seeks to obtain, and which but for the services of his attorney he would not have obtained. Consequently a lien does not attach to a defense not consisting of a counterclaim, and in a certain sense the attorney's services in this case were devoted to defending his client's title to property in her possession. This is, however, too narrow a view to take of the relation between client and attorney in the present case. The attorney's employment was to establish his client's title to property which apparently belonged, not to her, but to her husband's estate. He might have gone to work in various ways to accomplish this object. If he had permitted some person other than his client to become administrator and take possession of the assets, and had then asserted his client's title and sought successfully to recover the assets by virtue of that title, he would undoubtedly have had a lien upon the assets for his fee. For tactical reasons, and very wisely, he decided to meet the inevitable contest by asserting and assuming ownership in the first instance, leaving the next of kin to assert their superior right. The result was the same as it would have been had another course been pursued, and the labor and expense was no greater. The whole proceeding, or series of proceedings, carefully planned out in advance, were but the carrying out of that which he had been employed to do, viz., to establish his client's claim to the property which stood in her husband's name. We think he is clearly within the spirit, and even strictly within the letter, of the statute in asserting a lien upon the assets. This is in accordance with the rule in Re Pieris, 82 App. Div. 466, 81 N. Y. Supp. 927, affirmed in Court of Appeals on the opinion below, 176 N. Y. 566, 68 N. E. 1123. The latter case is also authority for the proposition that although the services were rendered in the Surrogate's Court, and the proceedings to enforce the lien might have been brought there, yet this court is not without jurisdiction to entertain the proceeding. It is quite clear that the attorney was confronted with a peculiar and difficult situation which required skill, ingenuity and industry for its successful negotiation, and he has been successful. He is certainly entitled to a reasonable, and even liberal, fee, and there is no reason why we should be astute to deprive him of compensation.

We think, however, that the award of $6,000 to the attorney, in addition to the $2,000 paid to the counsel employed by him, was excessive. It does not accurately appear what is the real value of the assets, but it probably amounts to about $30,000 or $35,000. We think that a fee of $4,000 to the attorney, in addition to the $2,000 paid to his counsel, would be fair and reasonable. The order should also be modified so as to give the appellant a reasonable time, say 30 days, within which to pay the amount. It will probably be unnecessary to appoint a receiver to sell the assets now in the hands of the surety company, and there is no occasion for further burdening the appellant by appointing a receiver at present and thus incurring additional expense, and the provi-

sion contained in the final order requiring the appellant to pay the deficiency, if any, is wholly unauthorized. The proceeding under section 66 of the Code of Civil Procedure is only to ascertain and enforce a lien, and contemplates something to which a lien can attach, and the satisfaction of the lien out of that. It does not authorize a personal judgment beyond the proceeds of the claim or property to which the lien attaches. If such a judgment is desired, it must be had in an action. The final order should therefore be amended in the foregoing particulars, and, as so modified, should be affirmed without costs in this court to either party.

CLARKE, J., concurs.