(153 App. Div. 374.)

### SIGMUND CONTRACTING CO. v. MONTEGRIFFO.

(Supreme Court, Appellate Division, Second Department. November 22, 1912.)

ATTORNEY AND CLIENT (§ 128*)—SUMMARY PROCEEDINGS—EXISTENCE OF RELATION.

   While a person who paid an attorney money for his client, which the client subsequently refused to receive, could maintain an action at law for its recovery, a summary proceeding will not lie, as the relation of attorney and client must exist to sustain such an action.

   [Ed. Note.—For other cases, see Attorney and Client, Cent. Dig. §§ 274–283; Dec. Dig. § 128.*]

Appeal from Special Term, Kings County.

Summary proceedings by the Sigmund Contracting Company against Agostino H. Montegriffo, Jr., an attorney. From an order of reference, such attorney appeals. Reversed, and motion denied.

Argued before JENKS, P. J., and THOMAS, CARR, WOODWARD, and RICH, JJ.

Albert W. Meisel, of New York City, for appellant.
Leopold Blumberg, of Brooklyn, for respondent.

RICH, J. Upon the settlement of a controversy between the various contractors engaged in the erection of a building and the owner, the respondent, the Sigmund Contracting Company, paid to the appellant, an attorney at law, acting for the owner and Bernard Zucker, $250, which he undertook to pay to Zucker, to be received by him in satisfaction of all claims. Zucker repudiated the settlement, and declined to receive the money. Subsequently this proceeding was instituted to compel the appellant to turn the money over to this respondent, and, a dispute having arisen as to the title to the money, the learned court at Special Term referred the matter to a referee "to hear and determine the issues raised."

It is not claimed that the money came into the possession of respondent as the attorney for the Sigmund Contracting Company; upon the contrary, it appears that it did not.

This proceeding cannot be maintained. If the respondent has a valid claim for the recovery of this money, it is not without a remedy; for an action at law may be maintained for its recovery. Matter of Cattus, 42 App. Div. 134, 59 N. Y. Supp. 55. It has been repeatedly held that this summary method of enforcing a claim against an attorney is only available in cases where the attorney has improperly withheld money from his client. If it should be held that appellant was acting as the business agent of respondent, it would be in no better position, because it has been held (Matter of Langslow, 167 N. Y. 314, 60 N. E. 590) that there is no power in the court to require an attorney to pay a debt in such a proceeding, "even if contracted in a fiduciary capacity, unless it sprang directly from the relation of attorney and client." In Taylor v. Long Island R. R. Co., 38 App. Div. 595, 56 N. Y. Supp. 665, it was said:

"The rule is so well established in this state that 'summary proceedings of this character are not sustained, except upon clear proof that the relation of attorney at law and client existed, and that an attorney at law had received the money or the property of a client while acting in his professional capacity, and had failed to account for it to the client.' "

It seems clear that, inasmuch as the relief cannot be granted, the learned Special Term erred in making the order appealed from.

It follows that the order of reference must be reversed, with $10 costs and disbursements, and the motion denied, with costs. All concur.