(159 App. Div. 602)

MOREY et al. v. SCHUSTER et al.

(Supreme Court, Appellate Division, Fourth Department. December 23, 1913.)

1. PLEADING (§ 350*)—JUDGMENT ON PLEADINGS—EFFECT OF MOTION.

A defendant, by moving for judgment on the pleadings, admits the truth of the facts alleged in the complaint.

[Ed. Note.—For other cases, see Pleading, Cent. Dig. §§ 1053, 1054, 1070–1077; Dec. Dig. § 350.*]

2. ATTORNEY AND CLIENT (§ 182*) — LIEN — SUBJECT-MATTER TO WHICH LIEN ATTACHES.

The attorneys for defendant, in an action to foreclose a mortgage on land in which it was adjudged that such defendant's interest was superior to the mortgage, who thereafter successfully defended for their client a summary proceeding and an action of ejectment to recover the possession of such land, had no lien on the land for their services in such actions and proceeding, neither under Judiciary Law (Consol. Laws 1909, c. 30) § 475, which provides that from the commencement of an action or special proceeding or the service of an answer containing a counterclaim the attorney for a party has a lien upon his client's cause of action, claim, or counterclaim which attaches to a verdict, report, decision, judgment, or final order in his client's favor, nor independent of the statute, since their client's title and possession of the land were in no sense the product, result, or proceeds of their services or of any cause of action, claim, or counterclaim involved in or determined by such actions or proceeding, and an attorney's retaining or charging lien independent of statute is not acquired either in obtaining or defending title to real estate.

[Ed. Note.—For other cases, see Attorney and Client, Cent. Dig. §§ 315, 399–406; Dec. Dig. § 182.*]

3. ATTORNEY AND CLIENT (§ 189*)—RIGHT TO COMPENSATION—PROTECTION BY COURT.

The courts have inherent power to properly protect the rights of attorneys against fraudulent or collusive settlements or a fraudulent or col-

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

lusive disposition of the client's property to defeat payment of the attorney's claim for services.

[Ed. Note.—For other cases, see Attorney and Client, Cent. Dig. §§ 407–411; Dec. Dig. § 189.*]

4. ATTORNEY AND CLIENT (§ 182*)—LIEN—SUBJECT-MATTER TO WHICH LIEN ATTACHES.

Attorneys who successfully defended an action of ejectment against their client and recovered a judgment for costs, to enforce which they instituted supplementary proceedings, had no lien on the land involved in the ejectment action for their services in such supplementary proceeding, though they doubtless had a lien on the judgment and any proceeds or property secured as a result of the proceeding.

[Ed. Note.—For other cases, see Attorney and Client, Cent. Dig. §§ 315, 399–406; Dec. Dig. § 182.*]

5. ATTORNEY AND CLIENT (§ 182*)—LIEN—SUBJECT-MATTER TO WHICH LIEN ATTACHES.

Attorneys, employed to procure legislation authorizing the commissioners of the land office to convey land to a person holding a certificate of sale from the commissioners without payment of the balance of the purchase price and to procure a patent therefor from the land office, were entitled independent of statute to a retaining lien for the value of their services on anything belonging to their client which came into the attorneys' possession or control in their professional capacity.

[Ed. Note.—For other cases, see Attorney and Client, Cent. Dig. §§ 315, 399–406; Dec. Dig. § 182.*]

6. ATTORNEY AND CLIENT (§ 182*)—LIEN—SUBJECT-MATTER TO WHICH LIEN ATTACHES.

Attorneys employed to procure legislation authorizing the commissioners of the land office to convey land to the holder of a certificate of sale without further payment therefor and to procure the issuance of a patent by the land office, had no lien on the land for their services under Judiciary Law (Consol. Laws 1909, c. 30) § 475, which provides that, from the commencement of an action or special proceeding or the service of an answer containing a counterclaim, an attorney has a lien upon his client's cause of action, claim, or counterclaim which attaches to a verdict, report, decision, judgment, or final order in his client's favor and the proceeds thereof, since there was no action or special proceeding commenced or answer containing a counterclaim served, and there was no verdict, etc., in their client's favor or proceeds thereof, and the fact that such services were performed while an action of ejectment was pending against their client was immaterial, as the services were to an end distinct and separate from the conduct of the ejectment action.

[Ed. Note.—For other cases, see Attorney and Client, Cent. Dig. §§ 315, 399–406; Dec. Dig. § 182.*]

Kruse, P. J., and Merrell, J., dissenting.

Appeal from Special Term, Erie County.

Action by Norris Morey and others against Casper Schuster and others. From an order (81 Misc. Rep. 515, 142 N. Y. Supp. 1054) denying a motion by the defendants named for judgment on the pleadings, they appeal. Reversed, and motion granted.

Argued before KRUSE, P. J., and ROBSON, FOOTE, LAMBERT, and MERRELL, JJ.

Eugene M. Bartlett and Bartlett & Chamberlain, all of Buffalo, for appellants.

Joseph H. Morey and Morey, Bosley & Morey, all of Buffalo, for respondents.

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

ROBSON, J. [1] By moving for judgment on the pleadings, defendants, for the purpose of the motion, admit the truth of the facts alleged in plaintiffs' amended complaint. Felt v. Germania Life Ins. Co., 149 App. Div. 14, 133 N. Y. Supp. 519. The broad question here presented then necessarily resolves itself into the inquiry: Does this complaint state facts sufficient to constitute a cause of action against these defendants?

[2] Inspection of the complaint discloses that plaintiffs, who are a copartnership of attorneys, engaged as such in the practice of their profession, claim an equitable lien for disbursements incurred and professional services rendered by them as attorneys and counsel for the defendants, Schuster, in various and important legal proceedings involving or affecting these defendants' title to and possession of a tract of about 50 acres of land situate in the town of Hamburg, Erie county, N. Y.; and in this action they seek to have the amount of such lien ascertained, and, as ascertained, impressed upon said real property.

The title to these premises, which defendants had at the time plaintiffs' services as their attorneys began, originated in a certificate of sale thereof made by the state engineer and surveyor pursuant to a resolution of the commissioners of the land office and in 1888 issued to one Barbara Schuster, whose rights therein and whose possession of the premises thereunder defendants had thereafter duly acquired. The certificate recited the payment by Barbara Schuster of the sum of $500, and that $508 remained due, for the payment of which she then executed her bond to the state. One feature of plaintiffs' professional services and disbursements for which a lien is claimed was in procuring at defendants' request the passage and approval of a special act empowering the commissioners of the land office to grant and convey to the assigns of said Barbara Schuster, without further payment therefor, all the right, title, and interest of the people of the state of New York in and to these premises:

"Provided that upon the execution and delivery of the grant the persons entitled thereto should surrender and relinquish all claim to the moneys theretofore paid upon account of such sale to Barbara Schuster, or for the repayment thereof." Chapter 406, Laws 1911.

After the passage of this act, plaintiffs, acting for defendants, procured letters patent for these premises to be issued to the latter. The title of the state, which was thus conveyed, had been acquired by it as the result of a tax sale of the premises. At the time of the tax sale there was a mortgage upon the land. After the defendants acquired the interest which Barbara Schuster, under the certificate of sale above referred to, had in the land, an action to foreclose this mortgage as a superior lien to their rights and interest in the land was begun by the mortgagee. Defendants were made parties defendant in that action, and appeared therein by their attorney, the defendant Chamberlain, in this action. This action resulted in a judgment foreclosing and barring these defendants from all right, title, and interest in the premises. After that judgment had been entered, these defendants for the first time employed plaintiffs and secured their professional

services. They thereupon at defendants' request and at the request of their attorney, Chamberlain, undertook to prosecute and did appear and act for the defendants in an appeal taken by defendants from said judgment. This appeal was successful, resulting in a reversal of the judgment. This latter judgment was thereafter affirmed on appeal by plaintiff therein to the Court of Appeals. It does not appear, however, that plaintiffs were ever substituted in the place of Chamberlain, as defendants' attorneys in that action.

It may be doubted whether, in any event, under these circumstances, plaintiffs are entitled to any attorneys' lien for the services rendered and disbursements made in reference to these appeals in the foreclosure action; it not appearing that they were ever defendants' attorneys therein, but were, on the other hand, acting as counsel in the case for them and their attorney. Dailey v. Wellbrock, 65 App. Div. 523, 72 N. Y. Supp. 848; Kennedy v. Carrick, 18 Misc. Rep. 38, 40 N. Y. Supp. 1127. But in my view of the case it is unnecessary to pass upon that question for reasons hereafter stated. As a result of the appeals in this foreclosure action, the complaint was dismissed as to these defendants; but a sale of the premises, subject to the rights of the defendants Schuster, was thereafter made under the foreclosure judgment. The owner of such title as was acquired under that sale then began summary proceedings in the County Court of Erie County to obtain possession of the premises from defendants Schuster. These proceedings were dismissed; and thereupon an action in ejectment was begun by the same party against these defendants to recover possession of the premises. This action was also successfully defended, resulting in a judgment dismissing the complaint with costs, which was afterwards affirmed on appeal. Supplementary proceedings were thereafter instituted in behalf of these defendants as judgment creditors in an effort to collect the judgment for costs in their favor against the plaintiff in the ejectment action. In all these later actions and proceedings plaintiffs appeared and acted for the defendants as their attorneys.

It clearly appears from this recital of the actions and proceedings in which plaintiffs rendered their professional services, for which they now claim an attorneys' lien upon the premises above referred to, that neither in the foreclosure action, the summary proceedings, nor the ejectment action were the title and possession of defendants therein in any sense the product or result, or proceeds of the attorneys' services, or of any cause of action, claim, or counterclaim of defendant involved therein or determined thereby. In the foreclosure action the defense established was that as to these defendants their title to the premises was superior to that of the claim which was sought to be enforced in that action. In like manner, the result of the summary proceedings and the ejectment action showed that in each instance the defense established was against claims equally unfounded and unenforceable.

In Matter of Robinson, 125 App. Div. 424, 109 N. Y. Supp. 827; affirmed in 192 N. Y. 574, 85 N. E. 1115 (on opinion of Ingraham, J.), the attorney for an administratrix sought to impress an attorney's

lien upon property belonging to her personally; he having as her attorney on her final accounting as administratrix defeated the claim of the next of kin that this property belonged to the estate. The court held that this property had not become subject to a lien in favor of the attorney, which could be enforced under the provisions of section 66 of the ·Code· of Civil Procedure (now section 475 of the Judiciary Law; Laws of 1909, c. 35, being chapter 30 of the Consolidated Laws). Discussing the claim of the attorney in that action that he had a lien on the property in question pursuant to the provisions of the section above referred to, it is said:

"Section 66 of the Code of Civil Procedure gives a lien (to the attorney) upon 'his client's cause of action, claim or counterclaim'; but the appellant (the administratrix) had no cause of action, claim, or counterclaim involved in the proceeding in the Surrogate's Court. The next of kin of the intestate asserted the claim which was defeated. After the final order the lien attaches to 'a verdict, report, decision, judgment or final order in his client's favor and the proceeds thereof in whosesoever hands they may come'; but here there was no cause of action, claim, or counterclaim which was sought to be enforced in the proceeding in which the respondent represented the appellant. All that could be subject to a lien of the respondent was the estate of the decedent, which was the. subject of the controversy before the surrogate, and the property that belonged to the appellant and was in her possession was neither involved in a cause of action nor a claim of the appellant nor in the proceeds of the final order."

To the same effect is White v. Sumner, 16 App. Div. 70, 44 N. Y. Supp. 692. That action was in foreclosure, and the defendants were obligors on the bond to which the mortgage was collateral security. Defendants' attorney by order of the Special Term had been granted leave to prosecute the action to judgment notwithstanding its settlement by the parties. In the opinion of the court in which a reversal of the order is directed, Goodrich, P. J., says:

"The answer does not set up facts to show a counterclaim; * * * it is stated to be a defense. Upon such a defense as is set up there cannot, in the nature of things, be a lien. While an attorney has a lien upon a counterclaim, he has none upon a defense. * * * In this view it is not necessary to decide whether or not the settlement between the parties was collusive."

See, also, Longyear v. Carter, 88 Hun, 513, 34 N. Y. Supp. 785; Pierson v. Safford, 30 Hun, 521.

[3] But it is asserted that, though plaintiffs may have no statutory lien on these premises for their fees and disbursements in the actions and proceedings làst above adverted to, they yet may rest their claim to such lien upon the rights of attorneys as they existed before the passage of the statute. It should be here further observed that there is no allegation in the complaint that the defendants have fraudulently or collusively settled any of these actions or proceedings, or that they are about to dispose of their property in an effort to avoid payment of plaintiffs' claims; though it is alleged that they have refused to secure plaintiffs' claims by giving security therefor upon the premises in question, which are, as it is further alleged, the only property which defendants have. That the court has the inherent power to properly protect the rights of attorneys against attempts of their clients by fraud or collusion to defeat such rights is well recognized. This pow-

er of the court, as was said in National Exhibition Co. v. Crane, 167 N. Y. 505, 60 N. E. 768, "is not founded upon a lien of the defendant's attorney, for, as there was no counterclaim, he had none, but upon its right to protect one of its own officers against collusion and fraud practiced by the parties after they had come before it for trial. The power is not statutory but inherent, and has frequently been recognized by the courts, although their decisions upon the subject are not uniform"—citing cases. But the complaint in the present case does not contain allegations of any fraud or collusion on the part of the defendants or any other effort to defeat plaintiffs' claim by an improper disposition of their property. It would seem, therefore, that as to this part of plaintiffs' claim no basis for the exercise of the equitable power of the court has been shown.

Neither do the plaintiffs show themselves entitled to a lien on these premises under the law as it existed unaffected by the statute. The scope and extent of an attorney's lien before they were enlarged by the statute are discussed and clearly defined by Earl, J., in Goodrich v. McDonald, 112 N. Y. 157, 19 N. E. 649. It is clear that the plaintiffs can have no lien upon these premises for their claims, which we are now considering, under either an attorney's retaining or charging lien as defined in that case, to which, as there held, the lien of an attorney was limited before the statute. It was held in Shaw v. Neale, 6 H. L. Cas. 581, prior to the act of Parliament thereafter enacted, that an attorney or solicitor had no lien on the estate recovered for a client in respect of the costs and expenses incurred in recovering it. That such a lien does not exist and is not acquired, independent of statutory provisions to that effect, either in obtaining or defending title to real estate, has also been held in many jurisdictions in our own country. A few of them may be cited. Humphrey v. Browning, 46 Ill. 476, 95 Am. Dec. 446; Hershy v. Du Val, 47 Ark. 86, 14 S. W. 469; Lee v. Winston, 68 Ala. 402; Fowler v. Lewis, 36 W. Va. 112, 14 S. E. 447.

It is suggested that the case of West v. Bacon, 13 App. Div. 371, 43 N. Y. Supp. 206, is an authority in support of plaintiffs' claim to a lien upon the premises at least so far as the value of their services in the summary proceedings and the ejectment action is concerned. The attorney's claim of a lien upon the property in question in that action was sustained in the Appellate Division, but was denied on appeal to the Court of Appeals (164 N. Y. 425, 58 N. E. 522) upon the ground that it appeared that the attorney had waived the lien, if he ever had one, as to which the court declined to express an opinion. If, however, the case is to be considered an authority for the principle that, except for the waiver, the attorney's lien would have been available, it does not seem to be applicable to the present case. Though the attorney claiming the lien appeared for a defendant in the action, in which the title to the property was adjudicated in his favor, yet before that action the client had apparently parted with his title. The affirmative relief granted by the judgment restored to him the control of it; and therefore might perhaps be considered, within the meaning of the statute, as proceeds of a judgment in the client's favor upon his

cause of action or claim. That case is therefore in principle not an authority adverse to the conclusions hereinbefore expressed.

[4] Plaintiffs have no lien upon the premises for the value of their services in the proceedings supplementary to execution. These proceedings related only to the judgment for costs in the ejectment action and its collection. A lien for attorney's services in such proceedings would doubtless under the statute attach to the judgment, collection of which was sought thereby, and to any proceeds or property secured as a result of the proceedings. But it is not perceived how such lien could by any possibility be extended to other property of the judgment creditors not then in the possession or under the control either of the attorneys or within the exercise of the equitable power and control of the court in the action in which the judgment was obtained.

[5, 6] There still remains to be considered plaintiffs' claim of a lien for services in procuring the legislation authorizing, and the land patent issued pursuant thereto, above recited, in connection with perfecting defendants' title to the premises and releasing them from payment to the state of the balance of the purchase price unpaid. It is doubtless true that, independently of any statutory provision, plaintiffs would be entitled to an attorney's retaining lien for the value of such services, provided there was anything belonging to the defendants, which had come to plaintiffs' possession or control in their professional capacity. Matter of Knapp, 85 N. Y. 284; Ward v. Craig, 87 N. Y. 550. But here there is nothing. Neither is there any "verdict, report, decision, judgment" or "final order in the client's favor" or "proceeds thereof" bringing the claim within the equitable control of the court, under the statute. It is only, as the statute provides, "from the commencement of an action or special proceeding, or the service of an answer containing a counterclaim," that the statutory lien of an attorney attaches. These services did not, and in the nature of things could not, involve the expressed prerequisite to such a lien of either the commencement of an action or special proceeding or the service of an answer containing a counterclaim. It is true that these services in completing and perfecting defendants' title to the premises were performed while the ejectment action was still in its final issue undetermined. But these services were to an end distinct and separate from the conduct of the ejectment action the result of which was in no way dependent upon their success or failure.

The order should be reversed, with $10 costs and disbursements, and defendants' motion granted, with $10 costs. All concur, except KRUSE, P. J., and MERRELL, J., who dissent in an opinion by MERRELL, J.

MERRELL, J. (dissenting). The only question presented upon this appeal is as to whether plaintiffs can assert and have impressed upon the specific real property involved in the long legal controversy a lien for such balance as may be ascertained to be their due for professional services rendered therein. It is not for us to determine upon this appeal as to whether the amount claimed by the plaintiffs is excessive, but merely as to whether the plaintiffs have a right to main-

tain this action, rather than to proceed against defendants in an action at law.

Unless plaintiffs can maintain this action, they are in danger of being deprived of the fruits of their labor by a conveyance of the property sought to be impressed with their lien. The question therefore is: Have the plaintiffs an equitable lien on this real property which through their efforts has been preserved to defendants? It is not primarily the statutory lien under section 475 of the Judiciary Law which plaintiffs claim. It is a lien which they assert under broad principles of equity. It is not dependent upon litigation pending, for that is successfully terminated and its fruits absolutely in the hands of the clients. There can be no question but that under the statute plaintiffs would have an attorney's charging lien upon the proceeds of the litigation if in money or other tangible form in whosesoever hands it might be found. Matter of Knapp, 85 N. Y. 284.

Such lien could be enforced by an action in a court of equity. Matter of King, 168 N. Y. 53, 60 N. E. 1054; Fisher-Hansen v. Brooklyn Heights R. Co., 173 N. Y. 492, 66 N. E. 395. .

In the Fisher-Hansen Case Judge Vann says:

"The statute (section 66 of the Code, now section 475 of the Judiciary Law) is remedial in character, and hence should be liberally construed in aid of the object sought by the Legislature, which was to furnish security to attorneys by giving them a lien upon the subject of the action."

Also, see Goodrich v. McDonald, 112 N. Y. 157, 19 N. E. 649.

The leading authority, I believe, in this state, which has passed upon the precise question here, is the case of West v. Bacon, 13 App. Div. 371, 43 N. Y. Supp. 206, and is a case which seems to have escaped the attention of the attorneys herein. It is a decision of the First Appellate Division and the prevailing opinion, written by Patterson, J., is concurred in by Rumsey and Williams, Associate Justices; Van Brunt, P. J., dissenting. In that case, as here, an attorney was endeavoring to impress a lien for professional services upon real property which had been the subject of the litigation and which his services had served to preserve to his client. The court held that the attorney was entitled to enforce his lien against the land, as the proceeds of the suit.

It is true that the judgment in this case was modified on appeal by the Court of Appeals, 164 N. Y. 425, 58 N. E. 522. But the Court of Appeals did not pass upon the question as to whether the lien of an attorney might be asserted against the land, but held that plaintiff's lien for services had been lost by a written waiver, theretofore executed by him. The decision of the Appellate Court was thus left unquestioned as to the right of the attorney to impress his lien upon the real property if it had not been expressly waived.

The case of West v. Bacon has been cited with approval in more recent decisions. Skinner v. Busse, 38 Misc. Rep. 266, 77 N. Y. Supp. 560; Cohn v. Polstein, 41 Misc. Rep. 434, 84 N. Y. Supp. 1072; Matter of Jones, 76 Misc. Rep. 332, 136 N. Y. Supp. 819.

In the case last cited Judge Blackmar says:

"If, however, the client's claim or cause of action is merged in a judgment, there is nothing for the lien to attach to except the judgment or its proceeds. In the case of Sandiford v. Town of Hempstead (at bar), if the judgment established the plaintiff's right to any land or protected him in its enjoyment, as it undoubtedly did, the attorney who conducted the litigation for him would have been entitled to a lien on the land as the proceeds of the judgment establishing plaintiff's claim to it as against the defendant."

These cases are the only ones that I have been able to discover where the question involved upon this appeal was passed upon, and I think indicate quite clearly that the trend of judicial decision in this state is to uphold an attorney's lien upon land for services rendered in preserving it to his client.

I think the order at Special Term denying defendant's motion for judgment upon the pleadings should be affirmed, with costs to the respondents.