### GOODWIN FILM & CAMERA CO. v. EASTMAN KODAK CO.

(District Court, W. D. New York. June 24, 1914.)

ATTORNEY AND CLIENT (§§ 141, 177*)—LIEN—COUNSEL.

> Where, on the illness of the attorney of record, other counsel took charge of the proceedings and prepared the case for argument on appeal, but was not substituted as the attorney of record, such counsel was entitled to recover the reasonable value of his services outside of his contract with the attorney of record; but he had no general lien, the right to which is limited to the attorney of record, especially where it appeared that there was no fund or property belonging to the client in the possession of counsel or the court out of which compensation for counsel's services might be made.

> [Ed. Note.—For other cases, see Attorney and Client, Cent. Dig. §§ 347, 386; Dec. Dig. §§ 141, 177.*]

In Equity. Suit by the Goodwin Film & Camera Company against the Eastman Kodak Company. On motion to vacate a final decree and grant a lien to one Wetmore as counsel for complainant. Petition dismissed.

See, also, 207 Fed. 351; 213 Fed. 231, 239.

Wetmore & Jenner, of New York City (Samuel H. Ordway, of New York City, of counsel), for petitioner.

Charles A. Brodek, of New York City, for complainant on motion to dismiss.

Philipp, Sawyer, Rice & Kennedy, of New York City, for defendant.

HAZEL, District Judge. This motion to vacate and set aside the final decree herein, in order that the question of the right of Mr. Wetmore, counsel for the complainant company, to a lien on the proceeds thereof for compensation for services, may be decided, is denied. Considering that Mr. Davidson continued in the case as the attorney of record bringing the action, the fact that the petitioner at the request of the complainant company had the principal responsibility of preparing the case for argument on appeal to the Circuit Court of Appeals during the temporary illness of Mr. Davidson does not operate to transfer to the former the right to enforce an attorney's lien. I thoroughly believe that Mr. Wetmore's assumption of the case, with its increased responsibilities after decision by this court in favor of the complainant company, entitles him, outside of his contract with the solicitor of record, to compensation for services rendered based on quantum meruit; but my examination of the adjudications bearing upon the question of attorney's lien convinces me that he did not secure a general lien, either statutory or nonstatutory; such a lien being reserved to the solicitor or attorney of record, as distinguished from counsel advising or assisting the attorney bringing suit.

It also appears herein that there is no fund or property belonging to the complainant company in the possession of either the petitioner

or the court out of which compensation for the petitioner's services might be made. No reported cases are called to my attention wherein it is distinctly held that a counsel, as distinguished from an attorney of record, is entitled to enforce a lien upon a judgment or decree; and although there are a number of cases holding that a counsel may enforce a specific lien upon a paper, fund, or other specific property in his possession belonging to his client, a general lien has invariably been limited to the appearing attorney. The latter may include in his lien the services of counsel, but the courts have never accorded that protection to counsel alone in obtaining payment for services. Foster v. Danforth (C. C.) 59 Fed. 750; Tuttle v. Claflin (C. C.) 86 Fed. 964. In the latter case Judge Lacombe expresses the view that it is immaterial whether the claim of counsel is asserted directly or indirectly through the solicitor, but this intimation of counsel's right to enforce a general lien, if it may be so termed, must be read in conjunction with another part of the opinion, wherein it is substantially stated that upon the fruits of the judgment recovered by the solicitors and counsel "the solicitor has a lien for the fair and reasonable value of his services, including disbursements of counsel." It is also important to note that in that case the fund was in the custody of the court for disbursement in satisfaction of liens and claims asserted thereto.

Other cases were cited by petitioner to sustain his right to a lien, and the right of the court to annul the decree, in order to determine and adjust his compensation; but they are not directly in point. That counsel has no right of lien, and that the attorney of record alone is entitled thereto under the New York statute (Judiciary Law [Consol. Laws, c. 30] §§ 474 and 475), has many times been squarely held. In re Dailey v. Wellbrock, 65 App. Div. 523, 72 N. Y. Supp. 848; Kennedy v. Carrick, 18 Misc. Rep. 38, 48 N. Y. Supp. 1127; Holmes v. Bell, 139 App. Div. 455, 124 N. Y. Supp. 301; Morey v. Schuster, 159 App. Div. 602, 145 N. Y. Supp. 258.

It follows that the petition must be dismissed.