In the Matter of the Application of MARGARET FELLINNI for an Order Requiring JACOB KLEIN, an Attorney, to Pay over Moneys Received and Retained by Him.

JACOB KLEIN, Appellant; MARGARET FELLINNI, Respondent.

First Department, December 17, 1920.

**Attorney and client — summary proceeding to compel attorney to pay over — such proceeding cannot be maintained by person who did not employ attorney.**

Where an attorney at law, employed by an administrator to prosecute an action to recover for death caused by negligence upon a contingent fee amounting to one-half of the recovery, has in fact paid one-half of the recovery to the administrator who employed him, the wife of said

administrator, who in no way employed the attorney, is not entitled to maintain a summary proceeding to compel him to pay to her a portion of the recovery as next of kin of the decedent, for the relation of attorney and client does not exist between them.

*It seems,* that if said person has any grievance, her proper procedure would be against the administrator.

APPEAL by Jacob Klein from an order of the Supreme Court, made at the New York Special Term and entered in the office of the clerk of the county of New York on the 9th day of September, 1920, granting the application and directing Jacob Klein to pay said petitioner the sum of $1,226.26 within ten days after service of order with notice of entry.

*Moses Feltenstein* of counsel [*Julian J. Raphael,* attorney], for the appellant.

*Joseph J. Jacobs,* for the respondent.

GREENBAUM, J.:

The appellant, Jacob Klein, an attorney, appeals from an order entered upon a motion made at Special Term to compel him to pay over to the petitioner the sum of $1,226.26, her alleged share as next of kin in a recovery of damages obtained in an action brought by her husband, as administrator of his infant son, against the American Express Company for the death of the child due to defendant's negligence. There were two trials. The first trial resulted in a disagreement and the second in a verdict upon which a judgment was entered in the sum of $3,452.52. The attorney had a written contract of retainer with the administrator under which he was entitled to receive one-half of the recovery in addition to costs and taxable disbursements in the action. The sole beneficiaries were the petitioner and her husband who now are and during the pendency of this action were living together. It is undisputed that fifty per cent of the recovery was paid to the administrator pursuant to the terms of the contract, with the consent of the respondent. There is no affidavit submitted on the part of the husband on the motion, and no explanation is given as to the husband's silence in the matter. It also appears that this motion was made about a year after the payment to the administrator. The petitioner does not aver

that her husband failed or refused to pay her share or any portion thereof to her, nor is there any claim that her husband is hostile to her.

The attorney was retained by the administrator and, indeed, the petitioner disclaims employing him as her attorney. Since there was no relationship of attorney and client between the petitioner ·and the attorney, a summary proceeding to compel the attorney to pay is not maintainable. (*Matter of Minnesota Phonograph Co.*, 148 App. Div. 56; affd., 212 N. Y. 574; *Matter of Sigmund Contracting Co. v. Montegriffo*, 153 App. Div. 374; *Matter of Niagara, Lockport & Ontario Power Co.*, 203 N. Y. 493, 496; *Taylor v. Long Island R. R. Co.*, 38 App. Div. 595; *Hess v. Joseph*, 7 Robt. [N. Y.] 609; *Matter of Schell*, 58 Hun, 440.)

If the plaintiff has any grievance it seems that the proper procedure would be against the administrator.

Under the law and upon the facts the order must be reversed, with ten dollars costs and disbursements, and the motion denied, with ten dollars costs.

CLARKE, P. J., LAUGHLIN, DOWLING and MERRELL, JJ., concur.

Order reversed, with ten dollars costs and disbursements, and motion denied, with ten dollars costs.