MARY C. WARREN et al., as Executors, etc., Respondents, *v.* WILLIAM C. BANNING, Individually, etc., Appellant.

In an action to recover back part of the purchase price paid down on the purchase of real estate, defendant's title to which was defective, plaintiff demanded in his complaint that the money so paid be deposited in court, subject to its order. It was deposited by defendant with a trust company to draw interest at three per cent. Plaintiff obtained an order in the action, directing that the moneys remain on deposit until further order, and restraining the company from making any payment, transfer or disposition thereof. By the judgment plaintiff was allowed interest at the legal rate, and defendant was directed to draw his check in favor of plaintiff for the sum so deposited, with accrued interest, to apply on the judgment. *Held*, that the order directing the money to remain on deposit was the equivalent of a payment into court; that plaintiff having made claim to the fund and having restrained defend-

ant from using it any way, except leaving it on deposit, was not entitled to recover any greater rate of interest than the money earned.

(Argued October 17, 1893 ; decided November 28, 1893.)

APPEAL from judgment of the General Term of the Supreme Court in the first judicial department, entered upon an order made December 13, 1892, which affirmed a judgment in favor of plaintiff entered upon a decision of the court on trial at Special Term and affirmed an order granting an extra allowance.

This action was brought to recover back $32,109.16 received by defendant as executor of Abner Mellen deceased, being ten per cent of the amount bid by George Henry Warren, plaintiff's testator, and also expenses incurred on a purchase by him of certain real estate sold at auction by defendant, which purchase plaintiff refused to complete on the ground of failure of title. A judgment was rendered in favor of plaintiff against the defendant, William C. Banning, personally for $33,194.16, and the further sum of $3,691.32, being interest on $32,109.16 from May 12, 1890, and on $1,085 from March 11, 1891, and costs.

The facts, so far as material, are stated in the opinion.

*George Hill* for appellant. The court erred in allowing interest on the ten per cent paid by the purchaser on signing the terms of sale. (*Mellen* v. *Mellen*, 139 N. Y. 210 ; N. Y. L. Jour., April 4, 1893.) In the case at bar the plaintiff has deprived himself of the right to recover interest upon the ten per cent, because he has by his own act prevented the defendant from using the money pending the litigation. (*Stevens* v. *Barringer*, 13 Wend. 639 ; *Osborne* v. *Bank*, 9 Whart. 738 ; *R. R. Co.* v. *Carhart*, 1 N. Y. S. R. 426.)

*George G. De Witt* for respondents. The court properly allowed interest on the whole ten per cent deposit, which plaintiffs are entitled to as part of their damages. (*Pumpelly* v. *Phelps*, 40 N. Y. 59 ; *Bush* v. *Cole*, 28 id. 261 ; *Cockroft*

v. *N. Y. & H. R. R. Co.*, 69 id. 201, 208 ; *Timby* v. *Kinsey*, 18 Hun, 255 ; *Wohlfarth* v. *Chamberlain*, 14 Daly, 178 ; *Margraf* v. *Muir*, 57 N. Y. 155 ; *Cockroft* v. *Muller*, 71 id. 367 ; *N. Y., L. E. & W. R. R. Co.* v. *Carhart*, 1 N. Y. S. R. 426 ; Sugden on Vendors, 237, 362, 645.)

*Per Curiam.*   We agree with the General Term except in the matter of interest.   Of the moneys sought to be recovered, $30,719.61 were deposited by the defendant on April 17th, 1890, in the Union Trust Company to his credit as executor and were to draw interest at the rate of three per cent per annum.   On November 7th, 1890, plaintiff obtained an order in this action directing that these moneys remain on deposit with the trust company until the further order of the court, and enjoining the trust company meanwhile from making any transfer, payment or disposition of the money or any part thereof.   The plaintiff, as a part of the relief prayed for in the complaint, demanded that pending the action the defendant be directed to deposit this money into the court, there to remain subject to the further order of the court, and in the judgment the defendant is directed to draw his check upon the trust company for the sum so deposited, with the accrued interest, in favor of the plaintiff, which the trust company is directed to pay upon presentation, the amount so paid to be credited to the defendant as a part payment of the judgment.   The plaintiff having made claim to this particular fund, and having at his instance procured the court to enjoin the defendant from using the money in any other way than by continuing it on deposit with the trust company, cannot equitably charge the defendant with a greater sum for interest than the money has earned.   From the time the order was obtained directing the money to remain on deposit with the trust company until the further order of the court, the money was in the custody of the court, and it was the equivalent of a payment into court to await final judgment in the cause.

The defendant has been made individually liable in this action ; but it is clear that as to this part of the fund in con-

troversy, it was never converted by him to his use, and the plaintiff has been permitted to recover it and its increase in specie.

We think the judgment should be modified by deducting therefrom the difference between three and six per cent interest from May 12, 1890, to March 29, 1892, the date of entry of judgment, being the sum of $1,733.09, and as so modified, the judgment should be affirmed, without costs to either party in this court.

All concur.

Judgment accordingly.