(13 App. Div. 371.)

### WEST v. BACON.

(Supreme Court, Appellate Division, First Department. January 22, 1897.)

1. ATTORNEY AND CLIENT—ATTORNEY'S LIEN—RECOVERY OF REAL ESTATE.
    Land recovered in an action is subject to an attorney's lien, under Code Civ. Proc. § 66, providing that an attorney has a lien on his client's cause of action which attaches to the judgment and the proceeds thereof.

2. SAME—RELINQUISHMENT OF LIEN.
    Where a judgment directed that lands be conveyed to a party or to such person as he should nominate, and conveyance was made to the party's at-

torney as his nominee, the attorney does not relinquish his lien on the land so recovered for his fees in the action by giving the party a declaration of trust stating that he holds the land "subject to the terms· of the judgment, and in no other way"; such declaration being no more than a disclaimer by the attorney of ownership of the land.

Van Brunt, P. J., dissenting.

Appeal from special term, New York county.

Action by Stephen A. West against Alexander S. Bacon ·to compel the conveyance of land held in trust. From a judgment entered on a decision of the trial judge in favor of defendant, plaintiff appeals. Modified.

Argued before VAN BRUNT, P. J., and RUMSEY, WILLIAMS, and PATTERSON, JJ.

Charles D. Ridgway, for appellant.

George Edwin Joseph, for respondent.

PATTERSON, J. The material facts of this case are the following: In 1889, certain real estate in the city of New York was conveyed to J. Adriance Bush by Kate B. West, the wife of the present plaintiff. In 1891, she brought an action against Bush to set aside that conveyance, on the ground that it was procured from her by her husband upon false representations made to her respecting the purpose of the conveyance. Her husband was brought in as a defendant, and he, appearing by Nichols & Bacon, attorneys, interposed an answer denying the allegations of his wife's complaint, and claiming to be the owner of the property. The case came on to be tried, · and in December, 1892, a judgment was entered dismissing the complaint, and declaring that Bush was a trustee, that he held the property for the benefit of Stephen A. West only, and that the plaintiff had no "interest, legal or equitable, of any nature whatsoever," in the property; and the decree required that Bush execute and deliver to Stephen A. West, or to such person as he might nominate, a bargain and sale deed of the premises, with covenants against the grantor. Apparently in execution of that decree, Bush conveyed the premises to Alexander S. Bacon, one of the attorneys, and Mr. Bacon now holds the legal title to the property. Upon receiving the deed, and of his own motion, in order that the true relation of Mr. West to the property might be established by documentary evidence, Mr. Bacon executed a declaration of trust as follows:

"I hold said property for the purposes expressed in said judgment [being the judgment above referred to], and in no other way, to wit, to hold the same for the benefit of said Stephen A. West, free and clear of any and all dower rights ·or other lien or interest whatsoever of Kate B. West, wife of said Stephen A. West, and to convey the same to such person as said Stephen A. West may in writing direct, and to pay over the proceeds of such sale to said Stephen A. West."

This action is brought by Stephen A. West to enforce that trust, and to compel Mr. Bacon to convey the property to Mr. Ridgway, another attorney, who brings this action for the plaintiff. The court below ordered a judgment requiring the conveyance to be made, but only upon the plaintiff satisfying Mr. Bacon for certain demands

claimed by the latter to be a charge upon the property, and consisting, first, of $294.02 awarded to him as trustee, being charges accrued in the administration of the trust and commissions, and also the sum of $500 for services rendered in the suit of Kate B. West against Bush, which, as above stated, resulted substantially in the recovery of the real estate by the plaintiff, and the establishment of his sole title to and right in those premises. The plaintiff admits that the decree is correct, so far as the $294.02 are concerned, but argues that $500 should not have been allowed, because the declaration of trust in terms specifies that Mr. Bacon held the property for the purposes expressed in the judgment, and in no other way.

The judgment with reference to the $500 cannot be sustained upon any notion of an equitable power in the court to charge upon this land any claim which the plaintiff's attorneys might have against him for services rendered generally upon a professional employment. The only ground upon which it can be sustained is that the attorney had some lien upon the land,—a lien to enforce which he would be entitled to resort to the property. If it be a good and enforceable lien, it was competent for the court to settle the matters in controversy between the parties by the decree entered herein and thus save any further litigation. The real question, therefore, is whether there is any such lien as to this $500. No objection can arise on the pleadings with reference to this point, because it is specifically set up in the answer that the defendant demands the $500 as a counterclaim, and that the property in question is part of the proceeds of a litigation in a certain action, being that above referred to. The defendant claims the lien for his fees as attorney in that action, as well as in other litigations, wherein the defendant has rendered service to the plaintiff as his attorney; but the property cannot be made liable for any general indebtedness of the client to the attorney. The plaintiff in this action was adjudged to be the owner of the premises by the judgment in the action brought by his wife against Mr. Bush. It was as a result of the professional services rendered by Mr. Bacon, or his firm, to the defendant, that the right and title to that property became fixed in the defendant, and the conveyance directed to be made to him or his appointee. Thus the premises were recovered for the defendant in that action. He had neither title nor possession, but acquired them both virtually by the judgment; for he has been in actual possession since the judgment was entered. He took the premises as the proceeds of the action, and by section 66 of the Code of Civil Procedure the attorney had a lien upon his client's counterclaim, which attached to the decision, to the judgment in his client's favor, and to the proceeds thereof, "in whosesoever hands they may come." The lien of the attorney, in this case, attached to the land, as the proceeds of the suit adjudged to belong to the defendant; and the attorney was entitled to enforce that lien against the land.

But it is claimed that the plaintiff relinquished his lien, or abandoned it, by making the declaration of trust, and the form or tenor of that instrument are referred to as indicating such relinquishment.

I do not think it is susceptible of that construction.    It is certainly one which should not be given to defeat a just and meritorious claim, unless it is compelled by the terms of the instrument itself.    Mr. Bacon states, in the instrument, that he holds the premises "under and subject to the terms of the judgment, and in no other way." The words, "and in no other way," were evidently used merely as exclusive words, showing that he (Bacon) had no interest or right in the premises as the owner thereof, or other than as holding them for his client, subject to the terms of the judgment; but it cannot be assumed, as between West and Bacon, that by that statement Mr. Bacon intended anything further than to make the declaration that he took the title as the nominee of Mr. West, for the judgment in the suit of West against Bush directed Mr. Bush to convey to Stephen A. West, "or to such person as said defendant West may direct." That is the only term of the decree material here, and the declaration of trust merely constitutes an admission by Mr. Bacon that his title, derived from Bush, is only a nominal one, so far as the ownership of the premises is concerned.    To say that he intended to relinquish his lien is giving a forced construction to the declaration of trust, and Mr. Bacon's claim was properly recognized by the court below.

The lien can be allowed only to the extent of the value of the services rendered by the defendant, or his firm, in the one action of West against Bush, in which the property was adjudged to belong to the defendant West; and, according to Mr. Bacon's own testimony, the total value of such services is $450, and not $500.

The judgment should, therefore, be modified, by deducting the sum of $50 from the amount allowed as a charge upon the property, and, as thus modified, affirmed, without costs.

RUMSEY and WILLIAMS, JJ., concur.    VAN BRUNT, P. J., dissents.