### CONTINENTAL INS. CO. v. REEVE et al.

(Supreme Court, Appellate Division, Second Department. March 15, 1912.)

1. MORTGAGES (§ 473*)—RECEIVERSHIP—APPLICATION OF RENTS AND PROFITS.

Rents and profits in the hands of a receiver appointed in an action to foreclose a mortgage should be applied on the claim of the mortgagee, if the amount received at the foreclosure sale is insufficient to satisfy such claim.

[Ed. Note.—For other cases, see Mortgages, Cent. Dig. § 1384; Dec. Dig. § 473.*]

---

**2. MORTGAGES (§ 548*)—FORECLOSURE—RIGHTS OF PURCHASER.**

The purchaser at a foreclosure sale is entitled to rents becoming due after demand is made for possession, as well as to an apportionment of rents theretofore collected for a period extending beyond such demand.

[Ed. Note.—For other cases, see Mortgages, Cent. Dig. § 1566; Dec. Dig. § 548.*]

**3. MORTGAGES (§ 567*)—FORECLOSURE—RIGHTS IN SURPLUS.**

The holder of a first mortgage has no interest in the surplus on a foreclosure of his mortgage remaining after the satisfaction of such mortgage.

[Ed. Note.—For other cases, see Mortgages, Cent. Dig. §§ 1632–1638; Dec. Dig. § 567.*]

**4. MORTGAGES (§ 563*)—SURPLUS—MARSHALING SECURITIES.**

The purchaser at a foreclosure sale cannot require a second mortgagee to resort to collateral security for his debt before resorting to the surplus on the sale, the purchaser and second mortgagee not being creditors of the same debtor, which is essential to require a marshaling of securities.

[Ed. Note.—For other cases, see Mortgages, Cent. Dig. §§ 1622–1626, 1628; Dec. Dig. § 563.*]

**5. MORTGAGES (§ 567*)—FORECLOSURE—APPLICATION OF SURPLUS.**

Although a receiver appointed in a foreclosure action was directed to apply rents and profits to the satisfaction of plaintiff's mortgage, any surplus after such mortgage is satisfied can be applied on the second mortgage, especially where the order of appointment directed the receiver to keep the surplus subject to the orders of the court.

[Ed. Note.—For other cases, see Mortgages, Cent. Dig. §§ 1632–1638; Dec. Dig. § 567.*]

**6. MORTGAGES (§ 474*)—RECEIVERSHIP—RENTS AND PROFITS—INTEREST.**

Where the order appointing a receiver in a foreclosure action directs the deposit of rents and profits in a specified depositary, plaintiff is entitled to the interest actually paid by the depositary on such portion of the deposit as is required to satisfy his mortgage, and not to interest at the legal rate.

[Ed. Note.—For other cases, see Mortgages, Cent. Dig. § 1386; Dec. Dig. § 474.*]

**7. MORTGAGES (§ 518*)—FORECLOSURE—LIABILITY OF PURCHASER.**

A purchaser at a foreclosure sale is liable for interest on the purchase money from the time when it is due, regardless of when he takes possession, where he has been in no way excluded from the enjoyment of his purchase.

[Ed. Note.—For other cases, see Mortgages, Cent. Dig. § 1520; Dec. Dig. § 518.*]

Appeal from Special Term, Kings County.

Action to foreclose a mortgage by the Continental Insurance Company against Julia B. Reeve and others. From an order in the action, the plaintiff and the defendant City Real Estate Company bring cross-appeals. Modified.

See, also, 135 App. Div. 737, 120 N. Y. Supp. 1119.

Argued before JENKS, P. J., and HIRSCHBERG, BURR, CARR, and THOMAS, JJ.

William N. Dykman, for plaintiff.

Lynn C. Norris, for defendant City Real Estate Co.

JENKS, P. J. These are cross-appeals by the plaintiff and by the defendant City Real Estate Company from an order of the Special

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

Term in an action for foreclosure of a first mortgage on realty. The City Real Estate Company is the owner and the holder of a second mortgage for $140,500, due, unpaid and next in priority to the said first mortgage, and the only other lien on the said realty. It owns and holds that mortgage as collateral security for a debt of $28,971.48 due from Pelletreau & Cooper, who were the real owners of the equity in the premises, or at least controlled it. On the day before plaintiff filed the lis pendens herein, the record title of the realty was in the defendant the Lotus Realty Company. The foreclosure search, continued thereafter, failed to disclose a recorded deed of the premises made to Lewis, a dummy, at the instance of Pelletreau, and so Lewis was not made a party to the action. Shortly before the foreclosure sale this omission was discovered, and thereupon the plaintiff, in consideration of Pelletreau's procurance of a deed of the premises from Lewis to the defendant the Lotus Realty Company, stipulated in writing that plaintiff would bid at the foreclosure sale "at least the amount found due by the said judgment, together with its taxable costs and disbursements and allowance, with interest, less any sum in the hands of the receiver." It is not contended that the said second mortgagee, the City Real Estate Company, had any hand in the conveyances to the dummy Lewis, or was a party to the said arrangement for the said reconveyance by Lewis or to any agreement or stipulation incident thereto. Upon motion of the plaintiff, a receiver pendente lite of the rents and profits of the premises had been appointed by an order that directed him, after deduction of the proper charges and expenses, to apply the residue of the rents to the payment and satisfaction of the amount remaining unpaid on the plaintiff's bond and mortgage, to bring all rents into court by deposit with the Title Guarantee & Trust Company, and not pay out but to safely keep, subject to the further order of the court, all such moneys, "excepting so far as payments and disbursements are authorized by the terms of this order." The plaintiff bid in the premises upon the foreclosure sale held on August 24, 1909, for $365,000, the amount, by plaintiff's estimate, required by its said stipulation (in addition to taxes, which the plaintiff considered within the spirit of its stipulation), less only the money in the hands of the receiver. But in casting up that amount the plaintiff included the tax of 1907 an item of $3,700 in round numbers, when, in fact, that tax had been paid. Pelletreau refused plaintiff's application that he permit the bid to be reduced by that item, and the plaintiff thereupon moved at Special Term for reduction of its bid by such item. The Special Term granted the motion, but upon appeal, for the reasons stated in the opinion of the court per Burr, J., the order was reversed and the motion was denied, without prejudice to an application on the part of the plaintiff to rescind the sale if it be so advised. Continental Insurance Co. v. Reeve, 135 App. Div. 737, 119 N. Y. Supp. 901. An appeal from our decision was dismissed by the Court of Appeals. The order now under review was made thereafter at the instance of the defendant the said City Real Estate Company, which moved for a reduction of the deficiency, found by the report of the referee to sell under the judgment of foreclosure, by deducting therefrom $3,387.43, for direction that the deficiency judgment be for that

reduced amount, for determination that the said City·Real Estate Company is entitled to the balance in the receiver's hands after deduction of the amount of the deficiency as so reduced, for direction that the receiver pay said balance to the said City Real Estate Company, and for such other and further relief as might be just. At the hearing of the motion, plaintiff read and filed a stipulation of the said City Real Estate Company to the effect that, in addition to the bond and mortgage covering the premises in suit and in addition to any claim on the fund in the hands of the receiver, it has securities collateral to the note of Pelletreau & Cooper amply sufficient to pay the note or any balance due thereon in full with interest. The stipulation, however, was made expressly "without prejudice to the contention of said defendant City Real Estate Company that the fact of its possession of such collateral securities is immaterial upon this motion." The Special Term granted the motion, amended the referee's report of sale by insertion of the $365,000 as the amount of the bid instead of $361,612.55, directed that the difference between these sums be deducted from the deficiency as found by the report of sale, reduced the deficiency accordingly, ordered the receiver to pay to the plaintiff the reduced sum, with interest thereon at 6 per cent. per annum from September 23, 1909, to the date of the entry of the order, in satisfaction of the deficiency, and to pay to the City Real Estate Company the balance of the funds in his hands as receiver. The plaintiff appeals generally, the said City Real Estate Company appeals "in so far as the said order fails and omits to provide for a further reduction of said deficiency by deducting therefrom interest on $3,387.45 from September 23, 1909, as prayed for in the said defendant's notice of motion herein, and from so much and such part of said order as directs the receiver herein to pay to plaintiff, or its attorney, interest on the said deficiency as thus reduced, at the rate of six per cent. per annum, from September 23, 1909, to the date of entry of said order."

I shall consider first the appeal of the plaintiff, whose contention is that, upon the said stipulation of the defendant the City Real Estate Company, the doctrine of marshaling of assets should be applied, in that the said City Real Estate Company, having two funds as security · for its debt, should be relegated solely to the securities which it has in its hands.

[1] The fund which is in controversy is made up of the rents and profits of the realty collected by the receiver. If the amount received under the foreclosure sale did not suffice to satisfy the plaintiff's claim as mortgagor (inclusive of the expenses incidental to its action for foreclosure [Bushwick Savings Bank v. Traum; 26 App. Div. 532, 50 N. Y. Supp. 542, affirmed 158 N. Y. 668, 52 N. E. 1123]), then the rents and profits in the hands of the receiver are applicable to the extent of the full satisfaction of such claim (Cincinnati National Bank v. Tilden, Jr., Brown v. Tilden, Jr., 22 N. Y. Supp. 11,[1] affirmed 140 N. Y. 620, 35 N. E. 891; Thomas on Mortgages, § 898, and cases cited). The fund, then,· is surplus, namely, the amount that remains

---

[1] Reported in full in the New York Supplement; reported as a memorandum decision without opinion in 66 Hun, 635.

after the satisfaction of the plaintiff's claim as first mortgagor. Such surplus represents the mortgaged estate.

[2] If the sum in the hands of the receiver consists in part of rents due after the purchaser at the foreclosure sale made demand for possession under his deed, they belong absolutely to that purchaser. And so any rents payable in advance and collected in advance by the receiver, extending beyond the date of such demand, may be apportioned to that purchaser. Jones on Mortgages, 1659.

[3] As the surplus for distribution only exists after the plaintiff's claim as mortgagor has been fully satisfied, the plaintiff cannot be a claimant perforce of his mortgage. Concededly its only other relation thereto is that of purchaser at the foreclosure sale. The status of the City Real Estate Company is that of lienor next in priority perforce of its second mortgage which was due. The struggle, then, over this surplus is between the purchaser at the foreclosure sale and such lienor. The purchaser acquired the same estate, and no other or greater than would have vested in the mortgagee if the equity of redemption had been foreclosed. Thomas on Mortgages, § 1013; Jones on Mortgages, § 737. The general rule is that such surplus would be applied to the satisfaction of this second mortgage, inasmuch as that lien, cut off by the foreclosure proceedings, is transferred equitably to that surplus. Vogel v. Nachemson, 137 App. Div. 200, 121 N. Y. Supp. 927; affirmed 199 N. Y. 535, 92 N. E. 1105; Quackenbush v. O'Hare, 129 N. Y. at page 488, 29 N. E. 958. See, too, Burchell v. Osborne, 119 N. Y. 486, 23 N. E. 896; Bartlett v. Gale, 4 Paige, 503; Jones on Mortgages, § 1688.

[4] The question then presented by the plaintiff is whether it as purchaser is entitled to invoke the rule of the marshaling of assets against this second mortgagee. In Stevens v. Church, 41 Conn. 369, the Supreme Court of Errors said:

"The principles of equity in regard to the marshaling of securities are not applicable to the case of a mortgagee and a subsequent purchaser of the equity of redemption; but are confined to cases where two or more persons are creditors of the same debtor, and have successive demands upon the same property, the one prior in right having other securities."

See 1 Story's Equity Jurisprudence (13th Ed.) p. 639, note; Jones on Mortgages, §§ 737, 1691a; Cherry v. Monro, 2 Barb. Ch. 618. Such purchaser and this second mortgagee are not creditors of the same debtor. 4 Pomeroy's Equity Jurisprudence (3d Ed.) § 1414, note 4. I think, then, that the plaintiff cannot prevail to the exclusion of the City Real Estate Company. See, too, Quackenbush v. O'Hare, supra.

[5] Although the receiver was appointed at the instance of the plaintiff and directed to apply the rents and profits to the satisfaction of the plaintiff's bond and mortgage, that fact presents no reason why the surplus (which exists after such application) should be diverted from application to the second mortgage for the benefit of the plaintiff as purchaser, but the court can and should direct the application sought by the second mortgagee, inasmuch as the fund represents the mortgaged premises as subject to the lien of such mortgage. Keogh v. McManus, 34 Hun, 521; Vogel v. Nachemson, supra; Jones on Mortgages, § 1688. Moreover, the order of appointment directs that

any sum received, after the application to the satisfaction of the plaintiff's bond and mortgage, shall be kept subject to the further order of the court.

[6] I now consider the appeal of the City Real Estate Company. It contends that the order should not provide interest at 6 per cent. per annum on the said sum which the receiver is to pay to the plaintiff "in satisfaction of the deficiency." I think that this contention is sound. The order obtained by the plaintiff directed the receiver to deposit these rents and profits with a certain depositary, and the plaintiff is entitled to any interest that the receiver gained by such deposit, apportioned to the sum paid to the plaintiff, and not to interest at the legal rate. Warren v. Banning, 140 N. Y. 227, 35 N. E. 890.

[7] The City Real Estate Company further insists that the plaintiff as purchaser is chargeable with interest upon the sum that remains unpaid upon the purchase price of the property. The confirmation of the sale by the court relates to the time of the delivery of the deed to the purchaser. Thomas on Mortgages, § 1021, and authorities cited. From whatever time the purchase money was due under the terms of sale, the purchaser should be compelled to pay interest at the legal rate upon any part of the purchase money. that remained thereafter unpaid. The purchase money is regarded as the property of the vendor when the vendee has the right of possession, and therefore interest is payable thereon whether the purchaser does or does not take possession. Sugden on Vendors, American Notes by Perkins, p. 314. It does not appear that this balance of the purchase money has been appropriated, or that the purchaser has received no benefit therefrom within the exception noted in Bostwick v. Beach, 105 N. Y. 661, 12 N. E. 321, or that the plaintiff has been in any way excluded from the enjoyment of its purchase, to which it took conveyance on September 23, 1909. The delay in the termination of these proceedings was not attributable to the vendor. Presumably the plaintiff has been in the enjoyment of the rents and profits since that time.

The order is modified, and, as modified, affirmed, with $10 costs and disbursements to the appellant the City Real Estate Company. All concur.