In the Matter of the Petition of NORBERT HEINSHEIMER, an Attorney and Counselor at Law, etc., to Enforce an Attorney's Lien upon and against the Judgment in the Action of ANTON H. MEYER, as Assignee of the UNITED STATES RESTAURANT AND REALTY COMPANY, *v.* DAVID A. SCHULTE and ROSE SCHULTE, and Any Sum or Sums Paid or Payable Thereunder.

ANTON H. MEYER, as Assignee, etc., Appellant; NORBERT HEINSHEIMER, Respondent.

First Department, November 7, 1913.

Attorney and client — lien of attorney under general retainer and for services as special counsel.

An attorney who conducts a number of cases under a general retainer, not apportionable among the various cases, has a lien upon a judgment obtained in any one of the cases for the whole amount due under his contract.

Hence, an attorney employed under a general retainer for one year is entitled to a lien upon a judgment procured by him for the balance due under his general retainer, and also for the value of later services as special counsel.

SCOTT and LAUGHLIN, JJ., dissented, with memorandum.

APPEAL by Anton H. Meyer, as assignee, etc., from an order of the Supreme Court, made at the New York Special Term and entered in the office of the clerk of the county of New York on the 24th day of June, 1913, declaring the existence of an attorney's lien and directing a reference.

*Alexander Gordon,* for the appellant.

*Henry K. Heyman,* for the respondent.

Order affirmed, with ten dollars costs and disbursements, on opinion of PAGE, J.

Present — INGRAHAM, P. J., McLAUGHLIN, LAUGHLIN, CLARKE and SCOTT, JJ.; LAUGHLIN and SCOTT, JJ., dissented.

The following is the opinion of Mr. Justice PAGE:

PAGE, J.:

On November 16, 1909, when the action of *Meyer* v. *Schulte* was commenced, the petitioner, Norbert Heinsheimer, was general counsel for the United States Restaurant and Realty Company under an annual retainer of $5,000, and prepared and conducted it together with various other matters under his contract as general counsel. On February 12, 1910, William F. McCombs was made general counsel for the said company in his place, but the petitioner was thereafter retained as special counsel for the purpose of conducting the action, and he prosecuted it to judgment. The judgment for $4,176.64 which he obtained against the defendant was appealed to the Appellate Division and Court of Appeals and affirmed in both courts. (148 App. Div. 892; 208 N. Y. 562.) On April 7, 1910, Anton H. Meyer qualified as assignee for the benefit of the creditors of the plaintiff, and later, while the appeal was pending in the Appellate Division, moved to be substituted as plaintiff and for the substitution of new counsel. The petitioner opposed the motions on the ground that he had a lien upon the papers and cause of action for a balance of $3,096.92 due and unpaid on account of the annual retainer of $5,000 up to February 12, 1910, and a further lien for his services subsequently rendered as special counsel in obtaining the judgment. The motion was granted, and William F. McCombs was substituted as attorney for the plaintiff, "all without prejudice to said Norbert Heinsheimer, Esq., taking the steps which may be necessary to determine the existence of his lien herein, if any, and the value thereof." The defendant has paid the amount of the judgment into court, pursuant to an order herein, and this motion is made to determine the lien of the petitioner thereon. Under section 475 of the Judiciary Law an attorney has a charging lien upon the cause of action or any judgment which may be obtained therein into whosesoever hands it may come for the value of his services. This is independent of and in addition to his common-law or retaining lien upon any property of his client which may come into his possession in the course of his employment. The retaining lien is a general lien for the balance of account between attorney and client and covers services rendered in other matters not connected with the property which

is in the attorney's possession. The charging lien which the attorney has by statute upon the cause of action and judgment is a specific lien and covers services rendered in the action in which the judgment is obtained. (*West* v. *Bacon*, 13 App. Div. 371; *Williams* v. *Ingersoll*, 89 N. Y. 508, 517; *Goodrich* v. *McDonald*, 112 id. 157, 162.) The assignment to Meyer for the benefit of creditors does not affect the lien of the attorney. (*Matter of Dunn*, 205 N. Y. 398.) There is no property of the plaintiff in the petitioner's possession upon which he can claim a retaining lien. His lien, if any, must, therefore, be a charging lien upon the judgment pursuant to section 475 of the Judiciary Law. There can be no doubt of his right to charge the judgment with the amount of the value of his services rendered in this action under his retainer as special counsel, but the petitioner seeks to go further and charge the judgment with the amount due and unpaid on account of his annual retainer as general counsel, which covered the work done in this action and other matters as well. Were this balance regarded as a general balance of accounts between the plaintiff and his attorney, then the authorities are conclusive that no such lien exists in favor of the attorney (*West* v. *Bacon*, *supra*), but I find that the facts here shown present a novel question upon which no authorities have come to my attention, namely, whether an attorney who conducts a number of cases under a single contract for a single fee not apportionable among the various matters embraced within it has a lien upon a judgment obtained in any one of these cases for the amount of his fee. It is the well-settled law in the case of special liens other than attorneys' liens that the lien attaches to every piece of property embraced within a single contract. (*Wiles Laundering Co.* v. *Hahlo*, 105 N. Y. 234.) Unless we apply the same rule to attorneys' liens the result will be a complete loss of lien in the case of work done in conjunction with other work under a general retainer. There could be no lien for the reasonable value of each portion of work because the contract governs the consideration to be paid the attorney, and he is not entitled to reasonable value except in the absence of special contract. There could be no lien for an apportionable part of the general retainer because it is not apportionable among the

various matters embraced within it. I am of the opinion that the Legislature never intended such a result and that an attorney must be held in such a case to have a lien upon each judgment embraced within a single entire contract for the whole amount of his fee under his contract. To hold otherwise would allow the client to obtain the results of the valuable services of an attorney without compensating him. To prevent such a result this peculiar lien of the attorney has been devised. (*Goodrich* v. *McDonald, supra.*) Under this ruling the petitioner is entitled to a lien upon the judgment in this action for the balance due him under his general retainer, and for the value of his later services as special counsel. The matter will be sent to a referee to determine the amount of the attorney's liens. Order to be settled on notice.

SCOTT, J. (dissenting):

I am constrained to dissent from the affirmance of the order appealed from because I can see no principle upon which the attorney can have a charging lien upon the judgment for the amount claimed to be due him upon his general retainer. That he is entitled to such a lien for the value of his services in procuring the judgment is not open to question, but as to the amount which has accrued under his annual employment before the appointment of the receiver he stands on the same footing as any other creditor. True, if when his general employment terminated, he had had any of the bankrupt's papers in his hands he might have claimed a possessory lien as to them and have held them until his claim was satisfied, but such a lien is incapable of foreclosure and never attached to anything not in actual possession of the attorney. In my opinion the order appealed from should be so modified as to provide only for the ascertainment of the value of the services of the petitioner in the action which resulted in the judgment.

LAUGHLIN, J., concurred.