---

(164 App. Div. 265)

### In re HEINSHEIMER. (No. 6149.)

(Supreme Court, Appellate Division, First Department. November 6, 1914.)

1. APPEAL AND ERROR (§ 1099*)—LAW OF THE CASE—SUBSEQUENT APPEALS.

　　Where, on appeal, the Appellate Division affirmed an order declaring an attorney's lien and directing a referee to ascertain its amount, it would not again review such order. or permit a reargument of the matter on an appeal from the order confirming the referee's report.

　　[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 4370–4379; Dec. Dig. § 1099.*]

2. ATTORNEY AND CLIENT (§ 141*)—COMPENSATION—AMOUNT.

　　Where the trial of an action in which a judgment for $4,176.64 was recovered took less than one day, the record on appeal was only 12 printed pages in length, and the services of plaintiff's attorney ceased upon the service of the amendments to the proposed case on appeal, and on such appeal it was determined, in passing on an extra allowance of costs, that the case was neither difficult nor extraordinary, a recovery by the attorney for his services of $1,000 was excessive, and should be reduced to $500.

　　[Ed. Note.—For other cases, see Attorney and Client, Cent. Dig. § 347; Dec. Dig. § 141.*]

3. ATTORNEY AND CLIENT (§ 192*)—COMPENSATION—INTEREST.

　　Where, pending a proceeding to enforce an attorney's lien against the recovery in an action, the amount recovered was paid to the city chamberlain, to be held until it was determined to whom it belonged, the attorney was not entitled to interest at the legal rate on the amount found due him after the deposit of the fund with the city chamberlain, but was only entitled to such interest as was received by the chamberlain.

　　[Ed. Note.—For other cases, see Attorney and Client, Cent. Dig. §§ 425–427; Dec. Dig. § 192.*]

　　Scott, J., dissenting in part.

Appeal from Special Term, New York County.

Proceeding by Norbert Heinsheimer, an attorney, to enforce an attorney's lien. From an order confirming the report of a referee, this appeal is taken, also bringing up for review a prior order establishing the lien and directing a reference to determine the amount thereof. Affirmed in part, and modified in part.

See, also, 148 N. Y. Supp. 1120.

Argued before INGRAHAM, P. J., and McLAUGHLIN, LAUGHLIN, CLARKE, and SCOTT, JJ.

Alexander Gordon, of New York City, for appellant.
Henry K. Heyman, of New York City, for respondent.

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

McLAUGHLIN, J. [1] Upon a former appeal (Matter of Hein-sheimer, 159 App. Div. 33, 143 N. Y. Supp. 895) this court affirmed an order declaring the existence of a lien and directing a reference to ascertain its amount. The appellant cannot again review such order in this court or procure a reargument in the manner here sought.

[2] The order which was affirmed on the prior appeal sent the matter to a referee to determine the amount due the attorney, first, under his general retainer; and, second, to ascertain the reasonable value of services rendered in the action of Meyer v. Schulte from February 12, 1910, to December 22, 1910. The appellant does not contend that there was any error in the report of the referee as to the first issue sent to him to determine; but he does insist that the amount due on the general retainer is not the proper subject of a lien, for which reason the court should review and reverse its prior ruling. This question was settled on the former appeal.

On the second issue, the referee found the reasonable value of the services rendered by the petitioner in the action referred to was $1,-000, and this, we think, is excessive. On February 12, 1910, the case was on the short cause calendar ready for trial. The trial took less than a day, and the record on appeal, set out in this record, is 12 printed pages in length. The judgment recovered was $4,176.64. After the petitioner served amendments to the proposed case on appeal the services ended. On the appeal this court struck out an extra allowance of $200 costs. Meyer v. Schulte, 148 App. Div. 892, 132 N. Y. Supp. 1138. This was done upon the theory that the cause was neither difficult nor extraordinary, and that therefore an extra allowance of costs was unjustified. In an action in which the issues involved were neither difficult nor extraordinary, the amount involved was so small, and the trial occupied such a short time, an allowance of $1,000 as the value of the services rendered by the petitioner is excessive. We think $500 would amply compensate the attorney for the services rendered.

[3] On May 27, 1913, the funds realized from the Schulte action were paid to the city chamberlain, to be held by him until it was officially determined to whom the same belonged. The order appealed from directs the payment to the petitioner out of this fund of the sum of $3,096.92, found to be due under his general retainer, with interest at 6 per cent. per annum from February 12, 1910, to the date of the order. The interest upon this fund at the rate of 6 per cent. should have been limited to the day the fund was paid to the city chamberlain, and therefore all the interest to which the petitioner was entitled was what was received by the city chamberlain.

The appeal from the order declaring the existence of the lien is therefore affirmed, and the balance of the order of the referee modified, as stated in this memorandum, with $10 costs and disbursements to the appellant.

INGRAHAM, P. J., and LAUGHLIN and CLARKE, JJ., concur. SCOTT, J., dissents, except as to reduction.