Peoples Gas Light and Coke Company, Appellee, v. William W. Hart et al., Persons Constituting Illinois Commerce Commission, and John E. Cassidy, Attorney General, Appellees. City of Chicago (Intervening Petitioner), Appellee. Mary Sowers and John Nelson (Intervening Petitioners), Appellants.

Gen. No. 41,578.

Opinion filed May 19, 1941.

LEONARD & LEONARD, of Chicago, for appellants; EDMUND G. PABST, of Chicago, and GORDON MCLEISH LEONARD, of counsel.

JOHN E. CASSIDY, Attorney General *pro se* and for certain appellees; MONTGOMERY S. WINNING and LORING B. MOORE, Assistants Attorney General, of counsel.

BARNET HODES, Corporation Counsel, for certain other appellee; JAMES J. DANAHER, Assistant Corporation Counsel, of counsel.

DAILEY, DINES, WHITE & FIEDLER, of Chicago, for certain other appellee; EDWARD H. FIELDER, JOHN M. CONNERY, JOSEPH R. GRAY, all of Chicago, of counsel.

Mr. Justice McSurely delivered the opinion of the court.

Mary Sowers and John Nelson asked leave to file an intervening petition on behalf of themselves and other gas customers of the Peoples Gas Light and Coke Co.; it alleged the gas company had collected from petitioners and others excessive charges for its services and that it should be required to pay interest at the legal rate upon such excessive charges. Leave to file this petition was denied by the circuit court, and Sowers and Nelson (hereafter called petitioners) appeal.

A short summary of this litigation is necessary. September 1, 1936, the gas company filed its complaint in the circuit court of Cook county against the members of the Illinois Commerce Commission and the Attorney General of Illinois to restrain the enforcement of the schedule of rates fixed by the commission for the use of gas, which was alleged to be confiscatory. The city of Chicago intervened. February 4, 1938, the circuit court decreed the rates were confiscatory and entered an interlocutory order enjoining their enforcement; the commerce commission and the attorney general appealed to this court, where the interlocutory order was reversed. (*Peoples Gas Light & Coke Co. v. Slattery,* 287 Ill. App. 379.)

February 4, 1938, the circuit court entered a final decree sustaining the claims of the gas company, which also contained provisions reciting that the court was advised defendants intended to perfect an appeal from the decree restraining the enforcement of the schedule of rates fixed by the commissioners, and, for the purpose of protecting the rights of the gas consumers, it was ordered that any moneys collected by the gas company in excess of the present rates should be impounded; it was further provided that the gas company should deposit as a special fund with the American National Bank & Trust Co. of Chicago the alleged

excess of rates; that in the event it should be finally judicially determined that the decree be reversed and that plaintiff was not entitled to an injunction against the enforcement of the schedule of rates, the gas company should refund to its respective customers any sums paid by them to it in excess of the rates set forth in the schedule of rates fixed by the commissioners. But in the event it should be finally determined on appeal that the decree of the circuit court be affirmed and plaintiff was entitled to enjoin enforcement of the schedule of rates, all the funds so deposited should be immediately released and paid over to the gas company by the bank depositories. On the appeal the above refund provisions of the decree were not challenged by any of the parties. Subsequently the First National Bank of Chicago was also named as a depository.

Pending the appeal to the Supreme Court, the gas company deposited with the named banks all amounts collected by the company from its customers in excess of the rates in the schedule.

On the appeal to the Supreme Court (373 Ill. 31) the challenged rates were held not to be confiscatory and that court remanded the cause to the circuit court with directions to dismiss the gas company's complaint. Upon reinstatement of the case in the circuit court the attorney general, representing the commission, the corporation counsel, representing the city of Chicago, and counsel for the gas company agreed that the refunding decree of May 24, 1940, should be entered. It is that decree which is now questioned by petitioners. That decree found the company had collected and deposited with the two banks a sum aggregating over $6,000,000, and required the gas company to refund this entire amount to the customers from whom it had been collected.

It is stated in the brief of the appellees that the question whether the company should be required to

pay interest on these payments was fully considered by all the parties and by the court, and that the decree entered did not require the company to pay interest. The decree also designated and appointed the attorney general and the corporation counsel to continue to represent the rights of the various persons entitled to refunds.

It is stated that since the date of this decree the company has refunded from the impounded funds in the banks sums aggregating over $4,000,000, or more than two thirds of the total of the refunds payable. It is also stated that the only complaint of any of the more than 800,000 customers of the gas company is the one by Sowers and Nelson now before the court. It is also stated that the gas company has never been able to ascertain whether Sowers and Nelson are or ever were customers of the gas company or entitled to any refund, and their counsel have refused to give information as to their street addresses, and from the list of customers kept by the gas company they are unable to determine whether Sowers or Nelson were customers and have accepted the benefits of the refunding decree.

The final circuit court decree of February 4, 1938, was severable. As we have seen, it enjoined enforcement of the schedule of rates fixed by the commission but also the court retained jurisdiction to protect the rights of gas consumers by ordering any excess moneys to be impounded pending the final outcome of the litigation. The present rules of the Supreme Court provide that appeals may be had from part of a decree. (Rule 33, ch. 110, par. 259.33, Ill. Rev. Stat. 1939 [Jones Ill. Stats. Ann. 105.33].) See also *Kerner v. Thompson,* 365 Ill. 149. It is clear that the trial court retained jurisdiction for the purpose of disposing of the funds which it ordered impounded.

The petitioners cite section 72 of the Public Utilities Act (ch. 111⅔, par. 76, Ill. Rev. Stat. 1939 [Jones Ill.

Stats. Ann. 112.098]), which provides that the commerce commission may order interest paid on any excessive funds paid a public utility. This section of the statute provides that in order for customers to look to the commission for refund they must file a complaint with it and the commission must find they have been charged with such excessive rates. Under such circumstances the commission may then order the utility to refund any excessive amounts, with interest. In the instant case the members of the commission are parties. It was at their request the moneys were ordered impounded upon the conditions stated. The statute referred to can have no application to a case where the court has jurisdiction of the parties and subject matter and has determined the manner in which the amount of excess charges should be refunded to the consumers. As has been noted, the refunding order of May 24, 1940, was entered upon the advice of the attorney general and the corporation counsel of Chicago, the former acting as attorney for the members of the commerce commission and the latter as attorney for the city of Chicago; these counsel were ordered to continue to represent the gas consumers with relation to the refunding of the impounded funds. It has been held that in such cases the attorney for the commission and the city represent the gas consumers. *In re Engelhard & Sons Co.,* 231 U. S. 646, 650–652; *O'Connell v. Pacific Gas & Electric Co.,* 19 F. (2d) 460.

The impounded money was by the decree placed in the exclusive custody of the circuit court. The gas company did not have the use of those funds. In such circumstances, the moneys being in the custody of the court, the losing litigant depositing the money is not liable to pay interest—the persons ultimately awarded the funds being entitled to only such interest, if any, as actually was paid by the bank or other depositories. *Osborn v. Bank of the United States,* 22 U. S. 738, 837;

*Warren v. Banning,* 140 N. Y. 227; *Taylor v. Minor,* 90 Ky. 544; *Delta & Pine Land Co.· v. Sherwood,* 187 Ill. App. 167, 170, 171. In the latter case it was sought to hold an interpleader for interest on the fund deposited with the court. It was held that the court properly refused to compel the payment of interest on the funds so deposited. In the instant case no interest on the funds was paid by either of the depositories.

The petitioners cite ch. 74, par. 12, § 1 of the statutes, but this is not in point. That section provides that where the gas company requires any person to deposit with it money he shall receive interest on the deposit. We think it is clear this statute, enacted in 1879, was with a view to compelling payment of interest upon funds deposited to ensure credit standing with the gas company. It does not relate to moneys charged and collected for gas service. *Illinois Bell Telephone Co. v. Slattery,* 102 F. (2d) 58, cited by the petitioners is not in point. There the telephone company retained and had the constant use of the excess charges collected. The excess charges were not impounded. The same situation obtained in *Arkadelphia Milling Co. v. St. Louis S. W. Ry. Co.,* 249 U. S. 134.

The petitioners stress the point that because the consumers were deprived of the use of the excess amounts which they paid the gas company, therefore the gas company should pay interest. This does not follow. That both parties are deprived of the use of funds is no reason why one of them must pay interest.

We are not convinced that petitioners, Sowers and Nelson, are entitled to bring this action as representing all other gas consumers in like situation. It is significant, as we have noted, that the only complaint made out of the large number of customers of the gas company is now made by these petitioners. Moreover, if they were gas consumers and paid their gas bills, the interest, if any, to which they would be entitled it

is said would be about forty-eight cents each. *De minimis non curat lex.*

We hold that the order appealed from should be affirmed.

*Order affirmed.*

O'Connor, P. J., and Matchett, J., concur.