**INTERNATIONAL TELEMETER, CORPORATION, Plaintiff-Appellee,**

v.

**HAMLIN INTERNATIONAL CORPORATION and Philip D. Hamlin, Defendants-Appellants.**

No. 84–3787.

United States Court of Appeals, Ninth Circuit.

Submitted Jan. 14, 1985.

Decided March 5, 1985.

Robert D. Stewart, Richard C. Yarmuth, Culp, Dwyer, Guterson & Grader, Seattle, Wash., for plaintiff-appellee.

Frederick L. Noland, MacDonald, Hoague & Bayless, Seattle, Wash., for defendants-appellants.

Before WRIGHT and TANG, Circuit Judges, and WILLIAMS,* District Judge.

EUGENE A. WRIGHT, Circuit Judge:

Hamlin International Corporation and Philip D. Hamlin (collectively Hamlin) appeal from the district court's order award-

---

* Of the Northern District of California.

ing International Telemeter Corporation (ITC) post-judgment interest at the rate actually earned by funds deposited in an escrow account rather than at the 9% rate allowed by New York law.

## FACTS

In 1965, ITC filed for a patent for a method of circuitry used in cable television converters. The patent was issued in 1967. While the patent was pending, Hamlin began to manufacture the converters and became the largest manufacturer of them in the United States.

In 1968, ITC sued Hamlin for patent infringement. In 1973, ITC and Hamlin settled through a patent license agreement. Hamlin agreed to pay a $2.00 royalty on each converter it sold. The agreement specified that New York law governed the relationship between the parties.

In 1976, ITC filed the present action for an accounting and payment of past-due royalties under the license agreement. In October 1980, the court granted summary judgment for ITC on the issue of Hamlin's liability for royalties due. The parties stipulated to an order obligating Hamlin to deposit the royalties into an escrow account pending final judgment. The stipulation and order gave Hamlin control over investment of the funds.

In November 1981, the district court entered final judgment for ITC and awarded damages for royalties past due. Applying New York statutes, the district court also awarded ITC pre-judgment interest at 6% and post-judgment interest at 9%.

When Hamlin appealed, the parties stipulated to an order staying execution of the judgment pending appeal. They also modified the escrow account to release to Hamlin funds deposited in excess of the amount owed for past-due royalties plus pre-judgment interest at the 6% rate. Hamlin was to continue paying royalties into the account as they accrued.

In May 1983, we affirmed the November 1981 judgment in favor of ITC. *International Telemeter Corp. v. Hamlin International Corp.*, 709 F.2d 1516 (unpublished memorandum, 9th Cir. May 18, 1983). The parties then stipulated to the release of escrow funds to ITC in the amount of the judgment, plus pre-judgment interest at 6% and post-judgment interest at 9%. The parties also stipulated to the release of royalties deposited after judgment, plus interest on these deposits at 9%. Post-judgment interest that accrued in excess of 9% remained in the account.

The district court ordered release of the remaining funds to ITC. Hamlin appealed.

## DISCUSSION

A. *Post-Judgment Interest on Past Due Royalties.*

■ We review de novo the district court's award of post-judgment interest. *See Handgards, Inc. v. Ethicon, Inc.*, 743 F.2d 1282, 1298 (9th Cir.1984), *cert. denied*, —— U.S. ——, 105 S.Ct. 963, 83 L.Ed.2d 968 (1985).[1]

■ State law governs the interest rate on a judgment in a diversity case entered before October 1, 1982. 28 U.S.C. § 1961 (1976); *Turner v. Japan Lines, Ltd.*, 702 F.2d 752, 757 (9th cir.1983); *Michael-Regan Co. v. Lindell*, 527 F.2d 653, 659 (9th Cir. 1975). When judgment was entered for ITC, the New York post-judgment interest rate was 9% per year. N.Y.Civ.Prac.Law §§ 5003, 5004 (McKinney 1963 & Supp. 1984).

■ Under New York law, the district court had no discretion to deviate from the 9% rate in awarding post-judgment interest. N.Y.Civ.Prac.Laws §§ 5003, 5004; *see also Two Clinton Square Corp. v. Computerized Recovery Systems, Inc.*, 84 A.D.2d 911, 912, 446 N.Y.S.2d 663, 664 (1981) (court has no discretion unless authorized

---

1. ITC argues that the abuse of discretion standard should apply to the extent that state law is unclear as to the allowable interest rate or permits judicial discretion. Here, New York law is clear as to the 9% allowable post-judgment interest rate and gives no measure of discretion to the courts. N.Y.Civ.Prac.Law §§ 5001, 5004.

by statute). The court erred by awarding interest in excess of 9%.

ITC advances several reasons why it should have post-judgment interest in excess of the 9% rate. None of the arguments is persuasive.

■ First, it argues that the actual rate should apply because Hamlin put the money in escrow rather than securing the judgment by a supersedeas bond. ITC suggests that the use of an escrow account constituted actual payment of the judgment and it is entitled to all accrued interest.

■ ITC cites no New York or federal law to support its argument. Although Federal Rule of Civil Procedure 62 provides that a supersedeas bond may be used to stay execution of a judgment pending appeal, the court has discretion to allow other forms of judgment guarantee. *See, e.g., Poplar Grove Planting and Refining Co. v. Bache Halsey Stuart, Inc.,* 600 F.2d 1189, 1191 (5th Cir.1979) (substitute security permissible where debtors present financially secure plan). Neither Rule 62 nor common sense would indicate that an alternative method of guarantee is the equivalent of payment of judgment.

The escrow account is more analogous to a supersedeas bond than to actual payment of the judgment. The parties' agreement provided that the deposits were intended merely to secure the judgment and did not constitute an admission of liability. Hamlin's control over the fund's investment is further evidence that the escrow account was not intended as actual payment.

■ ITC also argues that its motion for a court-ordered account forced Hamlin to agree to the escrow account, which rendered the stipulation involuntary. ITC had moved the court to establish an account for past-due royalties. The court reserved judgment and the escrow account was established before it could rule on the motion.

There is no evidence that the court ever ruled on the motion or that Hamlin paid into the account because the motion was filed. ITC acknowledges that the escrow was created only by agreement of the parties. The funds were not deposited into the registry of the court or put under court control. Although its discretion was rather limited, Hamlin retained some investment control of the blocked trust account.[2]

ITC finally contends that this is indistinguishable from interpleader cases where the actual interest rate applies. The escrow account was only court ordered pursuant to stipulation of the parties, and the parties did not intend it to be a "stake" in an interpleader action.

B. *Interest On Royalties Deposited After Judgment.*

■ The district court also awarded market rate interest on the royalties deposited after the judgment. ITC agrees, raising the same arguments noted above. It contends also that the 9% statutory rate should not apply because there was no judgment pending with regard to those funds.

Hamlin deposited the royalties after judgment under a modification of the original stipulated order. The modification was consistent with the original purpose of the escrow agreement. Compliance with the modification was not an admission of liabili-

---

**2.** The cases cited by ITC in support of its argument are inapposite. All were decided before the 1972 amendment that established a fixed interest rate for New York. *See Supplementary Practice Commentaries* 1972, N.Y.Civ.Prac.Law § 5004. Before 1972, New York law applied a fluctuating "legal rate" to post judgment interest. *Id.*

The facts of the cases ITC cites are distinguishable, as each concerns a court-established fund. *See Reliable Marine Boiler Repair, Inc. v. Mastan Co.,* 325 F.Supp. 58 (S.D.N.Y.1971) (interest on res deposited with court); *Moscow Fire Ins. Co. v. Heckscher & Gottlieb,* 260 A.D. 646, 23 N.Y. S.2d 424 (1940) (liquidation proceeding, interest on funds deposited into court); *In re Heinsheimer,* 164 A.D. 265, 149 N.Y.S. 631 (1914), *modified,* 214 N.Y. 361, 108 N.E. 636 (1915) (action analogous to interpleader); *Continental Ins. Co. v. Reeve,* 149 A.D. 835, 134 N.Y.S. 78 (1912) (interest on funds ordered deposited with a receiver); *Warren v. Banning,* 140 N.Y. 227, 35 N.E. 428 (1893) (interest on court-ordered account).

ty.  The post-judgment royalties should draw interest at the same rate as the funds deposited as a part of the original judgment.

Reversed and remanded.