Raymond Keith FOSTER, Keith Mfg. Co., Inc., and Keith Sales Co., Plaintiffs,

v.

HALLCO MANUFACTURING CO., INC., · Olof A. Hallstrom, and Robert Martin Snellman, Defendants.

Civ. No. 88–959–FR.

United States District Court, D. Oregon.

Nov. 2, 1993.

---

Ted E. Runstein, Julie Levie–Caron, Kell, Alterman & Runstein, Portland, OR, Delbert J. Barnard, Glenn D. Bellamy, Barnard, Pauly, Kaser & Bellamy, Seattle, WA, for plaintiffs.

Peter E. Heuser, David A. Fanning, Kolisch, Hartwell, Dickinson, McCormack & Heuser, Portland, OR, for defendants.

## OPINION AND ORDER

FRYE, Judge:

The matter before the court is the motion of defendants, Hallco Manufacturing Co., Inc., Olof A. Hallstrom, and Robert Snellman (collectively, Hallco), for a stay pending appeal (# 561–1) and for the return of monies to escrow pending appeal (# 561–2).

## FACTS

In a judgment dated April 5, 1993, the court ordered Hallco, upon entry of final judgment, to return to plaintiffs, Raymond Keith Foster, Keith Mfg. Co., Inc. and Keith Sales Co. (collectively, Foster), all royalties accrued after the commencement of this action, together with interest. These royalties had been kept in an interest bearing escrow account. Hallco moved for a stay of execution pending resolution of post-trial motions, and on September 16, 1993, after such post-trial rulings were entered, the court ruled that Hallco's motion was moot. Foster filed a notice of garnishment with the bank on October 5, 1993. On October 8, 1993, the bank sent Foster a check for $928,630.11. Hallco was notified of this garnishment on October 7, 1993. Foster alleges that Hallco was given an opportunity to file a claim of exemption with the bank prior to the release of the funds on October 8, 1993, but Hallco did not respond. Hallco has not filed a supersedeas bond.

## STANDARD OF REVIEW

The test for a stay pending appeal is governed by Fed.R.Civ.P. 62. Fed.R.Civ.P. 62(a) states, in relevant part:

Unless otherwise ordered by the court, an interlocutory or final judgment in an action for an injunction or in a receivership action, or a judgment or order directing an accounting in an action for infringement of letters patent, shall not be stayed during the period after its entry and until an appeal is taken or during the pendency of an appeal.

Fed.R.Civ.P. 62(d) states:

When an appeal is taken the appellant by giving a supersedeas bond may obtain a stay subject to the exceptions contained in subdivision (a) of this rule. The bond may be given at or after the time of filing the notice of appeal or of procuring the order allowing the appeal, as the case may be.

The stay is effective when the supersedeas bond is approved by the court.

## CONTENTIONS OF THE PARTIES

Hallco contends that a stay should be granted, and that the escrow money should be returned or that Foster should be required to deposit the money in an interest bearing trust account pending appeal because none of the exceptions of Fed.R.Civ.P. 62(a) apply and the escrow account is a legally effective substitute for a supersedeas bond. Foster argues that Hallco's motion to stay is untimely because Hallco waited until after Foster had garnished the escrow account to file an appeal and a motion to stay. Foster further argues that the escrow account is an insufficient substitute for a supersedeas bond; therefore, Fed.R.Civ.P. 62(d) does not apply.

## ANALYSIS AND RULING

Under Fed.R.Civ.P. 62(d), Hallco is entitled to a stay as a matter of right if it posts a supersedeas bond. *American Mfrs. Mutual Ins. Co. v. American Broadcasting–Paramount Theatres, Inc.*, 87 S.Ct. 1, 17 L.Ed.2d 37 (1966). The Ninth Circuit has recognized that forms of guaranty other than an escrow account may be used under Fed.R.Civ.P. 62(d). In *International Telemeter Corp. v. Hamlin Int'l Corp.*, 754 F.2d 1492 (9th Cir. 1985), the court explained: "Although Federal Rule of Civil Procedure 62 provides that a supersedeas bond may be used to stay execution of a judgment pending appeal, the court has discretion to allow other forms of judgment guarantee." *Id.* at 1495.

The escrow account at issue here amounts to a judgment guarantee. The parties voluntarily entered into an agreement to create this account pending the resolution of their dispute. Hallco's appeal of this action to the United States Court of Appeals for the Federal Circuit is currently pending. It is in the interest of fairness that the money remain in a separate trust until resolution of the controversy.

## CONCLUSION

For the foregoing reasons, the motion of Hallco for a stay pending appeal (# 561–1) and for the return of monies to escrow pending appeal (# 561–2) is GRANTED. Accordingly, Foster is ordered to deposit the $928,630.11 into an interest bearing trust account pending appeal.

IT IS SO ORDERED.