**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| PARTNERS FOR HEALTH AND HOME, L.P., a California Limited Partnership,<br><br>    Plaintiff-Appellee,<br><br> v.<br><br>SEUNG WEE YANG, DBA Pearl Life Cookware, Inc., individually,<br><br>    Defendant-Appellant,<br><br> and<br><br>S T P AMERICA, INC., a California corporation; DONG YANG SCIENCE, INC., a California corporation,<br><br>    Defendants. | No. 12-55821<br><br>D.C. No. 2:09-cv-07849-RZ<br><br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the Central District of California
Ralph Zarefsky, Magistrate Judge, Presiding

---

 [*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

Submitted November 28, 2016[]
San Francisco, California

Before: CLIFTON, N.R. SMITH, and CHRISTEN, Circuit Judges.

Seung Wee Yang appeals from orders granting Partners for Health and Home (Partners) summary judgment for trademark infringement, awarding Partners attorney fees and costs, and denying Yang's motion to stay the execution of the judgment.[1] We affirm in part and dismiss in part.

1.      We have jurisdiction of appeals from all "final decisions of the district courts." 28 U.S.C. § 1291; *see also* Fed. R. App. P. 4(a)(1)(A). However, Yang filed a premature appeal in this case. Questioning the finality of the premature notice of appeal (and hence our jurisdiction under § 1291), we ordered the parties to brief whether the premature notice of appeal was cured by the entry of the final

---

[**]      The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

[1] Yang's four other arguments raised on appeal are without merit: (1) Yang does not cite to any facts to support his allegation that the district court judge conspired with opposing counsel or was biased against Yang; (2) Yang does not cite to any evidence to support his claim that his due process rights were violated; (3) Yang does not provide any legal or factual support for his claim of malicious prosecution; and (4) Yang's allegations that Partners "does not exist anymore" is irrelevant. Even if Partners is dissolved (of which Yang did not provide any evidence), California law clearly provides that "[a] limited partnership continues after dissolution" and may "prosecute and defend actions" in "winding up its activities." Cal. Corp. Code § 15908.03(a), (b)(1).

judgment. Appellant failed to address this jurisdictional issue, and we find no relief available under Rule 4(a). We therefore dismiss the appeal of the district court's March 30, 2012 decision for lack of jurisdiction and for failure to file a brief in compliance with this court's order. *See* 9th Cir. R. 42–1.

2.      "The court in exceptional [trademark] cases may award reasonable attorney fees to the prevailing party." 15 U.S.C. § 1117(a). Generally, "[a] trademark case is exceptional where the district court finds that the defendant acted maliciously, fraudulently, deliberately, or willfully." *Earthquake Sound Corp. v. Bumper Indus.*, 352 F.3d 1210, 1216 (9th Cir. 2003). Based on our review of the record (which includes evidence of intentional infringement), the district court did not err in finding this case was "exceptional," and thus Partners was entitled to attorney fees.

Attorney fees awards are calculated using the lodestar method, by "multiplying the number of hours reasonably expended on the litigation by the reasonable hourly rate." *Intel Corp. v. Terabyte Int'l, Inc.*, 6 F.3d 614, 622 (9th Cir. 1993). Partners' attorney, Joel Voelzke, submitted an affidavit with exhibits detailing his hours expended working on this trademark case. The court (based on the substantial evidence provided) determined that Voelzke had spent 814.8 hours and charged a rate of $315 per hour and, using the lodestar method, awarded $256,662. The district court found this amount reasonable in light of the mean

3

amount charged by other trademark attorneys in the area. The court also awarded Partners expenses incurred, resulting in the award of an additional $2,771.02. The court did not abuse its discretion in calculating the amount of the attorney's fees award, and therefore we affirm the award of attorney's fees and costs.

3.      The district court denied Yang's motion to stay the execution of the judgment and to rescind the writ of execution and levies pending appeal. The record before us supports the denial. Yang did not provide the district court any support for the motion when he filed it, and there is no evidence that Yang posted a bond (or equivalent security), which was required to comply with Federal Rule of Civil Procedure 62(d). *See Int'l Telemeter, Corp. v. Hamlin Int'l Corp.*, 754 F.2d 1492, 1495 (9th Cir. 1985) ("Although Federal Rule of Civil Procedure 62 provides that a supersedeas bond may be used to stay execution of a judgment pending appeal, the court has discretion to allow other forms of judgment guarantee."). We affirm the magistrate judge's denial of Yang's motion to stay.

**DISMISSED in part; AFFIRMED in part.**